Nov. Term, 1860.

FRENCH
v.
TURNER.

*Tuesday, November* 27.

*J. G. Howard*, for appellee.

---

FRENCH v. TURNER.

To hold a party as an indorser of a promissory note, the indorsement must have been made thereon; or, perhaps, on another paper annexed thereto, when there are many successive indorsements.

A transfer in writing, made upon a mortgage of, "The within mortgage and the notes therein described," does not convey the legal title to the notes, though, under our code, the assignee might sue in his own name; nor does the assignor, in such case, warrant the solvency of the maker of the notes.

The assignor, in such case, impliedly warrants that the notes have not been paid to him; yet if they have in fact been paid to him, he is not liable on the contract of assignment, but only for the consideration received by him for the transfer.

Nov. Term,   Parol agreements made cotemporaneously with a written assignment, can
1860.       not be admitted to vary or extend the effect of the assignment as written.

FRENCH
v.           APPEAL from the *Ohio* Circuit Court.
TURNER.
             WORDEN, J.—Suit by *French* against *Turner*.  The com-
*Tuesday,*   plaint contained three paragraphs, or counts, to each of which
*November* 27. a demurrer was sustained, and final judgment was rendered
             for the defendant.

*French*, having excepted to the ruling, brings the case here
for revision.

The first count, states in substance, that on *November*
6, 1852, one *John Bodle* executed and delivered to *Abel
C. Pepper*, a mortgage on certain land, therein described, to
secure the payment of $1,100, evidenced by ten promis-
sory notes of that date, each for $110 ; one payable in a year
from date, and one maturing each year thereafter until they
all become due, with interest payable annually.   That in *Sep-
tember*, 1854, *Pepper* assigned and transferred the mortgage
and notes, by indorsement on the mortgage, to the defendant,
*Turner*.   That *Turner*, in *January*, 1858, for value received,
transferred the mortgage and notes to the plaintiff, by indorse-
ment in writing on the mortgage.   The mortgage and notes,
together with the assignment, are set out.   The assignment
from *Turner* to the plaintiff, on the mortgage, is as follows,
viz :

"For value received, I hereby assign the within mortgage
and notes, therein described, to *John J. French*.

"*January* 2, 1858.            (Signed,) "*Moses Turner*."

It is averred that the note which became due on *Novem-
ber* 6, 1858, and the interest on the others not due, re-
main due and unpaid.   That, for the notes which matured
before *November* 6, 1858, he foreclosed the mortgage, and
the mortgaged premises were sold for $600, being fifty
dollars less than the judgment, interest and cost.   That
*Bodle*, at the time of the execution of the notes and mort-
gage, had no property subject to execution except the
mortgaged premises, nor did he have at the time of the
maturity of any of the notes.   That he is still wholly and
notoriously insolvent, having no property subject to execution,

and that an action against him would be unavailing, where-
fore, &c.

The second count alleges, that the defendant, professing to
be the holder of the ten promissory notes (described in the
first count), secured by the mortgage, on, &c., for value re-
ceived, sold the said ten promissory notes to the plaintiff, by
indorsement on the mortgage (as in the first count); and that
before the said assignment, the defendant received full pay-
ment and satisfaction of the first of said series of promis-
sory notes, to-wit: the one payable on *November* 6, 1853,
and all interest thereon, from said *Bodle*, which interest at
the time of the assignment amounted to $30, making, of prin-
cipal and interest on the note, at the time of the assignment,
$140, which the defendant refuses to pay, wherefore, &c.

The third count alleges, that on, &c., the defendant profess-
ing to be the holder of the ten promissory notes and mortgage,
and that the payment of the notes was secured by the mort-
gage, induced the plaintiff to purchase the same for a valuable
consideration, fully equal to the principal sum mentioned in
the notes and the interest accrued thereon; and thereupon the
defendant, in pursuance of said sale, by an instrument in writ-
ing indorsed on the said mortgage, assigned the notes and
mortgage to the plaintiff. That at the same time the defend-
ant, by an instrument in writing, executed cotemporaneously
with the assignment, covenanted and agreed with the plain-
tiff that the notes were secured by mortgage. And in con-
sideration that the plaintiff would receive the notes without
indorsement, the defendant then and there agreed by parol,
and undertook and promised the plaintiff, that if he could not
collect the same from *Bodle*, the defendant would pay the
plaintiff the sum of money mentioned in the notes. The
foreclosure of the mortgage; the insufficiency of the mort-
gaged premises to pay the debt; the insolvency of *Bodle*, and
that the note due *November* 6, 1858, with the interest thereon,
remains due and unpaid, are averred, substantially, as in the
first count.

The first count is evidently based upon the supposition that
the defendant is liable as an indorser of the notes. This,
however, is not the case. In order to render him thus liable,

the indorsement of the notes must have been made "thereon," 1 R. S. 1852, p. 378, or perhaps, "on another paper annexed thereto, (called in France, *Allonge*), which is sometimes necessary, when there are many successive indorsements to be made." Story on Bills, § 204.

The indorsement in question, made upon the mortgage, refers to the notes as being therein described, and is not upon the notes, or upon any paper attached to them. Such an assignment could not operate to transfer the legal title to the notes. It would convey an equitable title, authorizing the assignee, under our code, to sue thereon in his own name, but it does not place the assignor in the condition of a legal indorser. By such an assignment, the assignor does not warrant the solvency of the maker of the notes. It is no more effectual for that purpose than a parol assignment would be; an assignment made by the delivery of the notes. The case is analogous to the transfer of a bill payable to bearer, by delivery. "If it is payable to the Bearer, then it may be transferred by mere delivery. But, although it may be thus transferred by mere delivery, there is nothing in the law which prevents the Payee of a Bill, payable to himself or Bearer, from transferring it, if he chooses, by indorsement. In such a case, he will incur the ordinary liability of an Indorser, from which, in the case of a mere transfer by delivery, he is ordinarily exempt. On the transfer of a Bill, payable to the Bearer, by delivery only, without indorsement, the person making it ceases to be deemed a party to the Bill; although he may in some cases incur a limited responsibility to the person to whom he immediately transfers it, founded upon particular circumstances, as, for example, upon his express or implied guaranty of its genuineness, and his title thereto." Story on Bills, § 200.

The defendant not being liable upon the notes, as indorser thereof, it follows, that the first count is bad, and the demurrer thereto was properly sustained.

The second count we also deem defective. Admitting that the defendant impliedly warranted that the note thus transferred had not been paid to him, which would seem to be the case, still he is not liable on the contract of assignment. The plaintiff could only sue to recover what he paid for the assign-

ment of the note, as for money paid upon a consideration that had failed. If property was given for the assignment, then he could only sue for the property, as for property sold and delivered; and if the assignment was for a prior debt, then the prior debt only could be sued for. Story on Prom. Notes, §§ 117, 118 and notes.

Here, the consideration paid for the assignment, and to be recovered, if any thing, is not set out. Nothing more is averred in this respect than that the assignment was made "for value received." In what the value was received, whether in money, and if so, how much, or property, or by way of satisfaction of a precedent debt, does not appear. There is, evidently, not enough stated to show what the plaintiff paid, and, therefore not enough to show what he was entitled to recover.

The third count is clearly defective.

The instrument in writing therein mentioned, executed cotemporaneously with the assignment, by which, as is alleged, the defendant agreed that the notes were *secured* by mortgage, is not set out, and therefore the case stands as if the allegations in that respect were stricken out. The parol agreement made, as is alleged, cotemporaneously with the written assignment, can not be admitted to vary or extend the effect of the assignment as written. The doctrine in this respect is stated in the case of *McClure* v. *Jeffrey*, 8 Ind. 79, as follows: "The rule is, that all oral negotiations or stipulations between the parties, which preceded or accompanied the execution of the instrument, are to be regarded as merged in it, and the latter is to be treated as the exclusive medium of ascertaining the agreement to which the contractors bound themselves."

The demurrers, we think, were correctly sustained, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with costs.

*James S. Jelley* and *William S. Holman*, for appellants.
*A. C. Downey* and *H. A. Downey* for appellees.

*Note.*—Upon the question, as to what constitutes an indorsement, the following authorities will be found to throw some light; 2 Bl. Com. 468, 469.—Story on Notes, § 121.—1 Stranges R. 18, 19.—*Rex* v. *Bigg*, 3 Peere William's R. 419.—11 Grattan's R. 830.