## Berryhill v. Jones.

1. **Statute of frauds: construction of: contract.** The provisions of our statute of frauds, unlike the English statute of 29 Chas. II, relate merely to the evidence or proof of contracts, and not to their validity.

2. —— A agrees to sell B an interest in lands, and to receive in consideration B's note, to be indorsed by C, D and E. B accordingly executes the note and procures the indorsement of C and D. E is not present, but D, though without authority, agrees for him that he will indorse the note. E subsequently, with knowledge of all the facts, does indorse the note. *Held,*

    1. That D's agreement that E would indorse the note was not void by reason of the statute of frauds.

    2. That E's subsequent indorsement operated as a ratification of said agreement.

    3. That it related back to the date of the note, and, as between him and A, was not open to the plea of want of consideration.

*Appeal from Henry District Court.*

FRIDAY, DECEMBER 7.

THE plaintiff in his petition states that on the 9th day of April, 1866, at the city of New York, one John S. Pat-

terson executed to the order of the defendant, Wesley Jones, his promissory note for $2,575, payable six months after date, with interest at seven per cent; that said note was at the time indorsed in blank by H. D. Downey, then living, and by J. C. Buchanan, and then delivered to the defendant in payment of an alleged indebtedness of the said Patterson to the defendant; that afterward, on or before the 15th day of June, 1866, at the request of Wesley Jones, the plaintiff, at Iowa City, indorsed said note for the accommodation of said Jones, in blank and without consideration; that afterward, and before the maturity of the note, the defendant sold and indorsed the same to Samuel Jones for value, who on the 24th day of January, 1868, obtained a judgment in the Johnson district court against plaintiff on said note for $2,897.94, with interest and costs, which plaintiff was compelled to, and did pay, and now demands judgment for the same against the defendant.

The answer denies that plaintiff indorsed the note for defendant's accommodation, or that there was no consideration for such indorsement; avers that the consideration of the note was part of the price of property sold by defendant to said Patterson at the request of said Downey, Buchanan and Berryhill — they agreeing to indorse the same; that the note was taken by the defendant in lieu of money, upon the express agreement that said parties should each indorse the same; that Downey and Buchanan each pretended to be authorized to agree for plaintiff that he should indorse the note, and that their agreement to that effect was afterward ratified by plaintiff Berryhill indorsing the note in pursuance thereof; that said indorsement by plaintiff was for full consideration, and accepted by defendant at the request of plaintiff through his agent Downey; admits the transfer to Samuel Jones, and that Berryhill paid the same.

The cause was tried to the court without a jury. The

court found the facts and the law in favor of the defendant, and rendered judgment accordingly.

Plaintiff appeals.

*Clark & Haddock* and *Kirkwood & Finch* for the appellant.

*Edmunds & Ransom* for the appellee.

MILLER, J. — From the evidence on the trial the court below made the following finding of facts :

"*First.* That the note of date April 9, 1866, mentioned and described in plaintiff's petition, was executed and delivered by said John S. Patterson for a part of the consideration agreed to be paid by said Patterson to the holder thereof, Wesley Jones, for an interest in a mining claim."

" *Second.* That Jones agreed to receive of Patterson for the mining interest he agreed to convey to him $2,500, and the above note of Patterson for $2,575, with the guaranty indorsed thereon, of H. E. Downey, J. C. Buchanan and Chas. H. Berryhill, plaintiff in this suit."

" *Third.* That Patterson executed this note and Downey and Buchanan indorsed it in the city of New York about the date thereof, and in pursuance of the agreement made in New York plaintiff Berryhill indorsed said note at Iowa City, in this State ; that the contract for the sale of the mining interest by Jones to Patterson was not complete until the indorsement of Berryhill upon Patterson's note was procured, as previously agreed upon in New York city."

"*Fourth.* That Berryhill was not present in New York when the agreement was made that Berryhill, Downey and Buchanan should indorse Patterson's note to Jones, but Downey agreed for him that he (Berryhill) would indorse said note as surety for the payment thereof to

VOL. XXXV. — 43

Jones, and although Downey had no direct or specific authority to make such agreement, Berryhill subsequently ratified and confirmed said agreement of Downey after the facts in relation thereto were fully made known to him."

These findings of fact are made the basis of the second and third assignments of error. We have carefully examined the evidence as set out in the record and find no grounds to justify our interference with the findings of the court upon the questions of fact at issue. It is well settled by repeated adjudications in this court that the findings of fact by the court are entitled to the same weight as the verdict of a jury, and that such findings or verdict must be clearly and manifestly unsustained by the evidence to justify the appellate court in granting a new trial upon this ground. This has been so frequently held that a citation of the cases is unnecessary. In this case there is not such a want of evidence in support of the findings of the court below as to authorize this court in granting a new trial, but on the other hand the evidence fairly and reasonably supports the findings.

The fourth, fifth and sixth assignments are to the effect that the court erred in its conclusion from the facts found; that the law was with the defendant; and in rendering judgment against the plaintiff the specific ground of complaint urged in argument is that the court erred in holding as matter of law that the agreement of Downey, made in New York and ratified afterward by Berryhill in Iowa, rendered such ratification or indorsement by Berryhill as for a consideration and valid. In argument it is urged that the agreement of Downey, to the effect that Berryhill should and would indorse the note, even though authorized or ratified by Berryhill, was void under the statute of frauds; that the "agreement to which it is attempted to apply ratification, confirmation or adoption by Berryhill never had any legal existence." It was an oral promise to guaranty the note made by a third person — "a nullity,"

the counsel claim. ' The error of this position is apparent when it is remembered that such an oral promise is not made void by our statute of frauds. The language of the statute is : Except when otherwise specially provided, no *evidence* of any of the contracts enumerated in the next succeeding section is competent unless it be in writing and signed by the party charged or by his lawfully authorized agent." Rev., § 4006. And it is specifically declared in the statute itself (§ 4009) that the regulations therein provided relate "merely to the proof of contracts." Our statute of frauds, in this respect, is unlike the statute of 29 Charles the Second, which declared that certain contracts enumerated should not "be allowed to be good," and in respect to certain others, " that no action shall be brought" thereon. The parol promise of Downey as agent of Berryhill, therefore, was capable of ratification by the latter, so far as respects the statute of frauds, and by such ratification Berryhill made Downey's promise his own, for the ratification of an act has the same effect as a previous authority. *Whiting* v. *Western Stage Co.*, 20 Iowa, 554; *Burlington Gas-light Co.* v. *Greene, Thomas & Co.*, 22 id. 508.

It is insisted in argument that as the bargain or sale of the mining claim by the defendant to Patterson had been completed and the deed delivered before the note was presented to Berryhill for his indorsement, his undertaking was merely collateral, and not binding as between him and the payee of the note for want of a consideration.

The substance of the finding of facts is that the defendant parted with his interest in the mining claim on the faith and in consideration of receiving the note of Patterson indorsed by Downey, Buchanan and Berryhill, and that the contract was not completed until the latter indorsed the note. It is also found as a fact that Berryhill placed his name on the note with full knowledge of all the facts. This act, therefore, must be referred to the date of

the transactions in New York, and he must be presumed, when he indorsed the note, to have assented to such reference, and he will be held in law as well as justice as having. indorsed the note at the time it bears date, and liable thereon equally with Downey and Buchanan, the other indorsers, and in the same capacity. See *Moies* v. *Bird*, 11 Mass. 436 ; *Hawkes* v. *Phillips*, 7 Gray, 284.

It becomes unnecessary to consider the question whether the blank indorsement of the plaintiff rendered him liable as a maker or as a guarantor of the note, since from the finding of facts it appears that such indorsement was made upon a good and valid consideration as between plaintiff and defendant, that it was not made for the accommodation of defendant, but for that of Patterson, and that Berryhill was liable thereon to the original payee of the note.

The judgment of the district court is

Affirmed.