Dee v. Downs.

57 589
131 325

## DEE v. DOWNS.

1. **Statute of Frauds**: AGREEMENT TO EXECUTE A NOTE AS SURETY.
   Where one agreed to execute a note as surety for another, such an agreement is a promise to answer for the debt or default of that other, and is within the statute of frauds, unless the agreement is in writing.

*Appeal from Louisa Circuit Court.*

TUESDAY, DECEMBER 20.

ACTION to recover of the defendant the amount of a certain promissory note which, it is alleged, he agreed to execute with C. W. Downs and Charles Downs for money loaned to the defendant and said other parties. The defendant denied that he made any agreement that he would execute the note, and averred that plaintiff ought not to recover because he claims under a verbal promise to pay the debt of another.

In an amendment to the answer it is averred that defendant received no advantage from said contract—that no money was loaned to him or on his credit.

There was a trial by jury and a verdict and judgment for the plaintiff. Defendant appeals.

*J. & S. K. Tracey* and *Charles Baldwin,* for appellant.

*John C. Power,* for appellee.

ROTHROCK, J.—This cause has already been in this court upon an appeal by the plaintiff, and the judgment was reversed because the court excluded evidence that the loan was made to the defendant and to C. W. Downs and Charles

Downs. This was upon the theory that if the loan was in fact made to Isaiah Downs, as well as the other defendants he was liable upon an agreement that he would execute the note.

Upon the last trial, however, the evidence tended strongly to show that the fact was, as alleged by the defendant, that he received no advantage from the contract of loan, and that no money was loaned to him. Indeed, the whole scope of the evidence is to the effect that the loan was made to C. W. Downs as principal, and if the defendant had executed the note he would have been a mere surety for C. W. Downs.

The defendant requested the court to instruct the jury to the effect that, in order to find the defendant liable, they must 1. STATUTE of find from the evidence that the loan was in fact frauds: agreement to exe- made to him as well as to the other parties named. cute a note as surety. These instructions were refused. Other instructions were given to the effect that the defendant was liable if he agreed to execute the note, and the question as to an agreement to execute it as surety appears to have been ignored.

We have no doubt that where one agrees to execute a note as surety for another, such an agreement is a promise to answer for the debt of that other, and is within the statute of of frauds, unless the agreement is in writing. It is as plain a promise to answer for the debt of another as can well be made. See Brown on the Statute of Frauds, Secs. 174 and 183, and cases cited.

What is said in *Van Riper v. Baker*, 44 Iowa, 450, as to the views or impressions of a majority of the court upon the validity of a verbal promise, by the party sought to be charged in that case, was upon the theory that his promise was an original undertaking, and not merely an agreement or promise that he would become surety for another, and the thought was based not upon what was denominated the finding of facts in the case, but upon that part of the evidence which appeared in the record.                                    REVERSED.