JOHN HEFFRON v. JAMES K. ARMSBY.

*Statute of frauds—Memorandum of sale giving names of vendor and vendee—Description of goods sold and price to be paid—Purporting to be made with the agent of vendor—Sufficient to satisfy the statute if agency shown—Ratification—See opinion for testimony held sufficient to go to the jury as tending to establish.*

1. A memorandum of sale, viz: "John Heffron bought of J. H. Rudell, agent for J. K. Armsby, three hundred cases B. M. corn, $1.25 cash, less one-half per cent.

                                  "J. H. RUDELL."

—is *sufficient* to satisfy the statute of frauds if the *alleged* agent was *authorized* to act for the vendor.

2. The uncontradicted testimony of the plaintiff (see opinion p. 506) was sufficient to go to the jury upon the question of ratification.

Error to Wayne. (Chambers, J.) Argued April 29, 1886. Decided June 10, 1886.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Dickinson, Thurber & Hosmer,* for appellant. [Brief by *Hosmer.*]

*Atkinson & Atkinson,* for plaintiff.

CHAMPLIN, J.  J. H. Rudell was a broker doing business in the city of Detroit. Professing to act as agent of James K. Armsby, he entered into a contract with plaintiff to sell him 300 cases B. M. corn at $1.25 cash, less one-half per cent., to be delivered during August and September. Afterwards he made and delivered to plaintiff a memorandum of the sale, as follows:

                        "DETROIT, May 9, 1881.

"John Heffron bought of J. H. Rudell, agent for J. K. Armsby, three hundred cases B. M. corn, $1.25 cash, less one-half per cent.          J. H. RUDELL."

The defendant failed to deliver the corn, and the plaintiff was obliged to purchase at an increased price, and brought

this action to recover the difference as damages.    The defendant claims :

1. That the contract was void under the statute of frauds.
2. That no authority was shown for Rudell to act for defendant.
3. That there was no evidence to submit to the jury of any ratification of the contract made by Rudell, as agent of defendant, by Armsby.

If Rudell was authorized to act for the defendant, the memorandum was sufficient to satisfy the statute of frauds. It contains the names of the parties, the description of the goods sold, and the price.

It was made to appear that Rudell had acted as the agent of defendant in the sale of goods, and had made sales of corn to other parties, which the defendant had recognized, and had settled the contracts so made by Rudell.   Defendant and Rudell also called upon the plaintiff with regard to this sale, and Armsby, while denying all liability, either morally or legally, offered to settle the matter by delivering one-half of the corn, and paying freight thereon to Detroit. Heffron testifies :

" He came in and wanted me to agree with him to deliver me one-half the corn, and he would pay the freight on it; made that concession, which would be equal to about five cents; didn't want to deliver but half the corn; said he hadn't got the corn.    I told him I had sold the corn upon the purchase I had made of him ; I had to go and buy the corn to meet my contracts, and pay the difference.   I simply asked him to pay me the difference what I had to pay, and he refused to do it; said he would deliver me half the corn, and pay the freight, if I would let him up on the contract."

This testimony is uncontradicted, and was sufficient to go to the jury upon the question of ratification.

There appearing no error in the record, the judgment is affirmed.

The other Justices concurred.