AMERICAN IRON & STEEL MFG. CO. v. MIDLAND STEEL CO.

(Circuit Court, D. Indiana. May 5, 1900.)

1. STATUTE OF FRAUDS—MEMORANDUM—NAMES OF PURCHASER AND SELLER.
    A memorandum of sale by C. & Co., acting as selling agents of M. S. Co., to J. H. S. & Son, sufficiently describes the purchaser and seller, under 3 Burns' Rev. St. Ind. 1894, § 6635, providing that no contract for the sale of any goods over $50 in value shall be valid unless some note or memorandum is made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized.

2. SAME—DESCRIPTION OF PROPERTY—DEFINITENESS.
    Where a memorandum of sale stated that the size of steel billets to be delivered should be 4"x5" or 5"x5", the seller had the option to deliver either size, and hence a memorandum was not objectionable for indefiniteness.

Ryan & Thompson, for complainant.
Chambers, Pickens & Moores, for defendant.

BAKER, District Judge. Action by the plaintiff upon a memorandum of sale alleged to have been made by the defendant with J. H. Sternbergh & Son, which contract has been assigned to the plaintiff, for the recovery of damages for failure to deliver the personal property alleged to have been sold. The complaint is founded upon a memorandum in writing as follows:

Philadelphia, February 24th, 1899.
Memorandum of Sale by Cabeen & Company.
To Messrs. J. H. Sternbergh & Son,       Acting as Selling Agents
    Reading, Penna.                       for Midland Steel Company,
                                          Muncie, Indiana.

                                          Received
                                          Mar. 3,
                                          1899.
                                          Midland Steel Co.

Seven hundred (700) tons acid, open-hearth steel billets, analysis to be
    Silicon      .10 ⎫
    Phosphorus   .08 ⎪
    Sulphur      .03 ⎬ of one per cent. or less.
    Manganese    .50 ⎪
    Carbon .10 to .12 ⎭
Buyer would prefer Manganese from .40 to .45%.
Price. Twenty-four dollars and seventy-five cents ($24.75) per ton of 2,240 lb., delivered on tracks of P. & R. Ry., Reading, Penna.

Terms. Cash thirty days from date of invoice.

Deliveries. Shipments to commence April or May, 1899, and to continue at the rate of 200 tons per month to completion of the contract.

Note. Sizes to be 4"x5" or 5"x5".

Notice. That sellers are not to be responsible for delay in deliveries as herein specified, when such delay is caused by strikes, accidents, or other causes beyond their control.

Accepted:          Cabeen & Co.,
    Midland Steel Company,          Selling Agents.
        R. B. Beaty, President.
Mch. 4/99.
        [Internal Revenue.]

The defendant has demurred to the complaint for the reason that the memorandum of sale is not sufficient to take the case out of the statute of frauds; and, second, because in the memorandum the steel billets are designated to be 4"x5" or 5"x5", and it is not alleged that the plaintiff notified the defendant which size of billets it would be required to deliver.

The statute of frauds of this state is as follows:

"No contract for the sale of any goods for the price of fifty dollars or more shall be valid unless the purchaser shall receive part of said property, or shall give something in earnest to bind the bargain or in part payment, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 3 Burns' Rev. St. § 6635.

The property agreed to be sold largely exceeds the price of $50. The sole contract of sale disclosed in the complaint is evidenced by the writing copied above. The plaintiff does not count upon a verbal contract of sale, coupled with a delivery to and acceptance by the purchaser of a part of the property, nor upon part payment, nor upon the giving of something in earnest to bind the bargain. The right to recover damages is grounded solely upon the sufficiency of the above memorandum to constitute a "writing of the bargain" made by the parties. The note or memorandum in writing of the bargain, when relied upon as the foundation of a right to recover damages for failure to deliver the property, must disclose with substantial accuracy every fact material to constitute a contract of bargain and sale. It is therefore essential that such a note or memorandum shall contain within itself a description of the property agreed to be sold by which it can be known or identified, of the price to be paid for it, of the party who sells it, and of the party who buys it. It is settled to be indispensable that the written memorandum should show, not only who is the party to be charged, but also who is the party in whose favor he is charged. The name of the party to be charged is required by the statute to be signed, so that there can be no question of the necessity of his name being signed to the writing; but the authorities have equally established that the name or a sufficient description of the other party is indispensable, because without it no contract is shown, inasmuch as a stipulation or promise by one does not bind him, save only to the person to whom the promise was made, and, until that person's name is shown, it is impossible to say that the writing contains a memorandum of the bargain. Peoria Grape-Sugar Co.

v. Babcock Co. (C. C.) 67 Fed. 892. The memorandum in the present case fully meets the requirements above stated. No question is made, nor can there be any, but that the property is sufficiently described; nor is there any question as to the purchase price and terms of payment. The contention as to the insufficiency of the memorandum relates to the parties, purchaser and seller, and to the alleged indefiniteness as to the dimensions of the billets. The language of the memorandum is, "Memorandum of sale by Cabeen & Co., acting as selling agents for Midland Steel Co., Muncie, Indiana, to Messrs. J. H. Sternbergh & Son, Reading, Penna." It is clear, beyond all controversy, as it seems to the court, that the party who sells is clearly shown to be the Midland Steel Company, and the party who buys to be J. H. Sternbergh & Son. No form of language is necessary. Anything from which the intention may be gathered, as in other contracts, is sufficient. In the present memorandum there is no room for doubt or ambiguity as to vendor and vendee, as to the subject-matter of the contract of sale, as to the price and terms of payment, or as to the time and place of delivery. It contains every essential requisite to constitute a bargain, within the terms of the statute of frauds.

Nor does the fact that the contract mentions the size of the billets to be 4"x5" or 5"x5" render the contract uncertain or insufficient. The defendant would have performed its contract if it had tendered either size of billets at the place and within the time specified. The memorandum is in the nature of what is usually termed a "sold note" made by the defendant, through its selling agents, Cabeen & Company, to J. H. Sternbergh & Son, as buyers. In making it the seller designates for its own benefit that it shall have the right to fulfill the contract by the delivery of billets either 4"x5" or 5"x5". The option to determine the size was with the seller, and not with the buyer. For these reasons, the demurrer is overruled, to which defendant excepts.