NEBRASKA BRIDGE SUPPLY AND LUMBER COMPANY, Appellant, v. OWEN CONWAY & SONS, Appellees.

Sales: AUTHORITY OF AGENT: PRESUMPTION. Where an authorized
1  agent of a lumber manufacturer secured a retailer's order for shingles to be delivered at certain dates, the order being addressed to the manufacturer, numbered and signed by the agent, a presumption arose in the absence of evidence to the contrary that the agent had power to sell, and was not overcome by the writing itself.

Statute of frauds: A written memorandum of the sale of personal
2  property is not within the statute of frauds if signed by the party against whom it is sought to be enforced or a duly authorized agent, whether signed by the other party or not.

Under the facts of this case an order for the sale of lumber is held enforceable.

**Waiver.** Under the evidence, waiver of the right to damages for failure to fill an order for shingles is not shown.

**Measure of damages:** INSTRUCTIONS. An instruction that the measure of damages for failure to deliver goods according to contract was the difference between the contract price and their value at the date of delivery, if conceded to be erroneous in not adopting the date of cancellation of the order, was without prejudice, it appearing there was no substantial difference in values on the respective dates.

*Appeal from Webster District Court.*— Hon. J. R. Whitaker, Judge.

FRIDAY, APRIL 7, 1905.

ACTION on account, to which the defendants interposed a counterclaim. There was a jury trial, and verdict and judgment in favor of defendants. Plaintiff appeals.— *Affirmed.*

*Martin & Mitchell,* for appellant.

*Healy Brothers & Kelleher,* for appellee.

BISHOP, J.— Plaintiff is a resident of Omaha, Neb., and is engaged in the sale of lumber, etc., at wholesale. Defendants are retail lumber dealers at Ft. Dodge, this State. On January 9, 1901, one Rasmussen, a duly authorized agent of plaintiff, appeared in Ft. Dodge and negotiated with defendants for a sale of three car loads of shingles. There was written out by Rasmussen at the time and in duplicate, the following: " Order No. 2122, 1-9, 1901. Nebraska Bridge Supply and Lumber Co.: Ship to Owen Conway & Sons at Fort Dodge, Iowa, one car M. C. & Ft. D. R. R. Three cars of Extra Star A Star, 6-2 Red Cedar Shingles at $2.21. One car to arrive March 1, 1901; one car to arrive April 1, 1901; one car to arrive May 1, 1901. [Signed]

George Rasmussen." One of the duplicate copies of the foregoing. was delivered by Rasmussen to the defendants, and the other sent by mail to the plaintiff at Omaha. On January 30, 1901, defendants ordered of plaintiff by mail a car load of oak bridge lumber, the conceded price and value of which was $169.83, delivered in Ft. Dodge. On February 12th following, plaintiff wrote to defendants, in effect, that it was impossible to fill any orders for shingles at present, or to make any promises in respect thereto, and that " we are compelled to cancel your order given to our Mr. Rasmussen for shingles." And further, in reference to the order for oak lumber, the letter continued: " The same is being sawed and will be shipped soon. But should we ship this car it will be with the distinct understanding that it shall have no connection whatever with the above shingle deal. Let .us hear from you by return mail." To this letter the defendants answered as of date February 15, 1901, as follows: " We are willing to receive the car of oak with the understanding that it will have no connection with your failure to ship shingles." The car of oak lumber was shipped to and received by defendants, by whom the freight was paid, amounting to $94.18. Defendants having failed to pay the balance, or $75.65, this action was brought to recover the same. The · defendants do not resist the right of plaintiff to a recovery of such amount due for lumber, but, in the counterclaim pleaded, damages in the sum of $120 are sought to be recovered for the failure on the part of plaintiff to comply with the alleged shingle contract, the amount claimed being the difference in value between the contract price and the value at the date of the breach thereof. To the counterclaim the plaintiff pleads: First, no contract; second, the statute of frauds; third, a waiver of damages. Of these in their order of statement.

I. Appellant admits the agency of Rasmussen, and the receipt through him of the order for shingles. It is denied, however, that there was any acceptance of such order; that,

on the contrary, the same was rejected by the letter to defendant of date February 12th. If the transaction of January 9th is to be regarded simply as an order from defendant to plaintiff — it being understood that the part of Rasmussen was to transmit such order to the home office, and that only — then, clearly enough, an acceptance by plaintiff was necessary to a completion of the contract of sale. The case would then fall within the rule of *McCormick v. Richardson*, 89 Iowa, 525, relied upon by appellant. But there is no evidence in the record that the authority of Rasmussen was limited; he presented himself to defendants and offered to sell, and we think it not unfair to presume that his authority extended to the making of sales. The writing signed by him cannot be accepted as rebutting such presumption; quite to the contrary, it indicates the fact of the sale, and gives specific directions as to the matter of shipment. In no sense does it purport to be a mere proposition to buy, inviting an acceptance, given out by defendants or by their authority. The case was submitted to the jury upon a theory corresponding to our view, and therein we think there was no error.

1. Sales: authority of agent; presumption.

II. The case does not fall within the statute of frauds. It is the statute that no evidence of a contract for the sale of personal property, when no part of such property is delivered and no part of the price is paid, is competent unless it be in writing and signed by the party charged or his authorized agent. Code, section 4625. It will be observed that the statute does not invalidate contracts of the character designated; it goes only to the means whereby the same may be proven. *Berryhill v. Jones*, 35 Iowa, 335. Now the party charged is the one against whom the contract is sought to be enforced, whether he be vendor or vendee. It is not material that the party seeking to enforce the contract did not sign any memorandum thereof. 29 Am. & Eng. Enc. (2d Ed.) 858, and cases cited. And, where the contract is made by an agent, it has been held to be

2. Statute of frauds.

sufficient if he sign the memorandum in his own name. *Heffron v. Armsby,* 61 Mich. 505 (28 N. W. Rep. 672); 29 Am. & Eng. Enc. (2d Ed.) 864. And certainly such may be accepted as the rule where, as in the instant case, the writing introduced not only establishes the agency, but identifies the principal. The memorandum that will be sufficient to take a case out of the statute of frauds need not be in any particular form of words, and it may consist of several different writings, if, by the terms thereof as expressed, their connection with the principal transaction is made to appear. *Ives v. Hazard,* 4 R. I. 14 (67 Am. Dec. 500); *Sanborn v. Flagler,* 9 Allen, 471. See, also, *Lash v. Parlin,* 78 Mo. 291. Tested by these rules, we see no escape from the conclusion that the writings introduced, considered in the light of the circumstances under which they were executed, are sufficient to make out a contract as against the statute. The agency of Rasmussen on January 9th is conceded, and although the writing of that date was signed by him personally, yet such writing, especially when considered in connection with the letter written by plaintiff on February 12th, makes it clear that he was in fact acting on behalf of plaintiff. He was at the place of business of defendants, and offering to sell shingles. The writing signed by him, executed in duplicate, was made to serve a double purpose — to furnish defendants with written evidence of the contract and of the terms thereof, and to advise his principal of the sale, the terms thereof, and the time and manner of performance agreed upon. The following authorities will be found to lend support to this conclusion: *Williams v. Bacon,* 2 Gray, 387; *Kessler v. Smith,* 42 Minn. 494 (44 N. W. Rep. 794); *American Steel Co. v. Midland Steel Co.* (C. C.) 101 Fed. 200; *Austrian & Co. v. Springer,* 94 Mich. 343 (54 N. W. Rep. 50, 34 Am. St. Rep. 350); *Bowers v. Whitney* (Minn.), 92 N. W. 540. We have examined all the authorities cited by counsel for appellant, and we find nothing to warrant a conclusion different from that above expressed.

III. The contention for waiver is made to rest upon the letter of defendants of date February 15th, written in answer to the letter of plaintiff of date February 12, 1901.

3. WAIVER.

The issue as tendered by the reply was withdrawn from the consideration of the jury, and, we think, properly so. If the letters mean anything, it is that the two deals — the sale of the shingles, and the sale of the oak bridge lumber — were in no event to be considered in connection with each other. As well it might have been said that, in the event of any controversy arising out of either deal, the other should not be regarded as having any inherent connection therewith. It must be manifest that out of such condition no element of waiver could arise.

IV. Appellant complains of the instruction given by the court upon the measure of damages. The basis adopted in the instruction was the difference, if any, between the con-

4. MEASURE OF DAMAGES: instruction.

tract price and the value at the time agreed upon for delivery. The contention is that the time when notice of cancellation was given should have been adopted. If we should concede that the contention has merit, there was no prejudice, as, according to the evidence, the difference in the values on the respective dates was slight, if any, and we should not reverse on account thereof in any event.

We conclude that the judgment was right, and it is *affirmed*.