### 11368

### FARMERS BANK v. ELEDGE *ET AL.*

#### (120 S. E., 362)

FRAUDS, STATUTE OF—WHETHER LIABILITY WAS ORIGINAL OR COLLATERAL HELD FOR JURY.—On evidence that money was loaned by plaintiff on landlord's representation that he would sign a note for the money with tenant, which he subsequently refused to do, whether landlord's liability was original or collateral *held* for jury.

. Before ANSEL, J., County Court, Greenville, January, 1923. Reversed and remanded.

Action by Farmers Bank of Traveler's Rest against J. W. Eledge and W. A. Allison. Judgment for plaintiff and defendant Allison appeals.

The exceptions were as follows:

"EXCEPTIONS

"I. That the Court erred in overruling the motion for nonsuit and in directing a verdict against the appellant, and in overruling his motion for a new trial, because the note sued on is the note, the debt, of J. W. Eledge and not the note of appellant, the complaint failing to allege and the evidence failing to show that the appellant had signed any writing promising to pay said note.

"II. That the letter referred to in Paragraph 2 of the complaint is not a written promise to pay the debt of another, J. W. Eledge.

"III. That the appellant in said letter merely promised to sign a note with J. W. Eledge, provided the bank would loan Eledge $125; but, instead, it loaned him $131.70, which was a violation of the terms of said letter.

"IV. That, if said letter could be construed as a guaranty, the complaint should have alleged and the evidence should have shown that the respondent immediately notified appellant of the loan; which has not been done, there having been no notice given him according to the evidence.

"V. That the respondent violated the terms of said letter by making said loan to Eledge without the presence of and the signature of the appellant to the said note.

"VI. That, if the said letters could be construed as a promise to pay the debt of another, said promise is void for want of consideration, and the complaint fails to allege any consideration, and the evidence fails to prove any; that the evidence erroneously admitted by the Court that during the year 1920 Eledge was the tenant of appellant could not be proof of consideration, and, if it is, it is not competent, because there is no allegation of consideration alleged in the complaint, and no consideration expressed in the letter in Paragraph 2 of the complaint.

"VII. That, upon the foregoing grounds, the Court erred in overruling the motion for a new trial."

*Mr. Adam C. Welborn,* for appellant, cites: *Promise to sign note is not promise to pay:* 2 McM., 372; 1 McC., 100; 2 McC., 208; 1 Bail., 14; 1 McM., 280; 2 McM., 60; 3 Brev., 17; 4 S. C., 100; 3 Brev., 52; 13 S. C., 94.

*Messrs. Bowen & Bryson,* for respondent, cite: *Original undertaking and binding:* 112 S. C., 163; 117 S. C., 732.

December 10, 1923.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The complaint contains allegations, not only appropriate to an action on a conditional warranty, but likewise to an action on an original liability.

The complaint, omitting the first paragraph which merely alleges the corporate existence of the plaintiff bank, is as follows:

"That on March 5, 1920, the defendant W. A. Allison wrote a letter to the cashier of the plaintiff herein, which letter reads as follows: 'Greenville, S. C., March 5, 1920. Mr. Geo. Nichols—Dear Sir: Mr. Eledge will want about $125 to make crop on. If you will let him have it, I will sign note with him and oblige. [Signed] W. A. Allison.'

"That acting upon said letter and the promise made therein, plaintiff knowing that defendant W. A. Allison was solvent and a landholder, extended the credit solely as the result of the contents of the said letter; that on April 5, 1920, the defendant J. W. Eledge came to plaintiff for the credit requested in said letter, and plaintiff loaned him, because of the aforesaid letter, the sum of $131.70, whereupon defendant Eledge executed the following note: '$131.70. Travelers' Rest, S. C., April 5, 1920. On December 1st after date I or we promise to pay to the order of the Farmers' Bank, negotiable and payable at the Farmers' Bank, without offset, the sum of $131.70, for value received. With discount before and interest after maturity, at the rate of 8 per cent. per annum until paid,

and 10 per cent. additional for attorney's fees in case this note is collected by suit.    [Signed] J. W. Eledge.'

"(3) That said note was drawn up and the signature of the said Eledge procured, and the said credit extended on the assumption that the defendant W. A. Allison would sign said note as per the terms of the above letter; that shortly thereafter, and before maturity, plaintiff presented said note to the defendant Allison for his signature; that defendant W. A. Allison refused and still refuses to sign said note, and has refused and still refuses to pay to plaintiff the said amount loaned to defendant Eledge in consequence of said letter as aforesaid; that defendant Eledge and defendant Allison have refused to pay said obligation, though demand for payment has been made of both, but payment refused; that plaintiff is now the owner and holder of said note and letter; that by reason of the aforesaid transaction defendants are indebted to plaintiff in the sum of $131.70, with interest thereon at the rate of 8 per cent. per annum from December 1, 1920, plus 10 per cent. attorney's fees.

"Wherefore plaintiff demands judgment against the defendants in the sum of $131.70, with interest thereon from December 1, 1920, at the rate of 8 per cent. per annum, plus 10 per cent. attorney's fee and for the cost of this action."

The appellant answered the complaint by denying his liability on the note mentioned in the complaint; and as a bar to the action pleaded the Statute of Frauds.    1 Code of Laws, 1912, § 3737; 3 Code of Laws, 1922, § 5516.

After the plaintiff introduced its testimony, the appellant made a motion for a nonsuit on certain grounds, which was refused.    The appellant offered no testimony, and his Honor, the County Judge, directed a verdict in favor of the plaintiff.

The appellant then made a motion for a new trial, which was overruled and he appealed upon exceptions, which will be reported.    In assigning the reasons for overruling the

motion for a new trial, it appears that his Honor, the County Judge, rested his conclusion upon the fact that the liability of the appellant was original and not collateral, as the relation of landlord and tenant existed between him and the person to whom the money was advanced to make the crop; and that the advances were made primarily for the benefit of the plaintiff.

We quote as follows from said order:

"The evidence shows that, upon presentation of that letter by Mr. Eledge to Mr. Nichols, he let him have the $125, taking the note introduced in evidence, and adding to the $125 the interest on it to the date of maturity. This case differs widely from *Duncan & Shumate v. Heller,* 13 S. C., 94; there was no consideration passed between the parties when extension of time was requested in that case. In this case the money was loaned on presentation of the letter and the note taken. I do not think that the facts of this case bring the same under the Statute of Frauds, and I cannot see my way clear to grant a new trial."

He therefore erred in directing a verdict in favor of the plaintiff and in not submitting such issue to the jury.

The following authorities sustain our conclusion that the testimony in question should have been submitted to the jury: *Lorick & Lowrance v. Caldwell,* 85 S. C., 94; 67 S. E., 143. *Rice v. Medlin et al.,* 116 S. C., 213; 107 S. E., 911. *Gaines v. Durham* (S. C.), 117 S. E., 732.

New Trial.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN (dissenting): Action for $131.70 and interest, growing out of the following transaction:

During the year 1920, the defendant Eledge was a tenant upon a place which belonged to the defendant Allison. On March 5, 1920, Allison wrote a letter to the plaintiff back, as follows:

"Mr. Eledge will want about $125 to make a crop on. If you will let him have it, I will sign note with him, oblige."

On April 5, 1920, Eledge applied to the bank for a loan of $125, and exhibited Allison's letter. Upon the strength of that letter the bank let him have $125, and had him sign a note for $131.70, payable December 1, 1920, with interest from maturity at 8 per cent.; the difference, $6.70, representing the discount or added interest.

It does not clearly appear in the record whether or not the bank notified Allison of the loan prior to the maturity of the note. The cashier states that he wrote Allison several letters about the matter, but the dates are not given, and the personal interview with Allison was had in the Fall of 1921.

The note not having been paid, this action was instituted against both Eledge and Allison. So far as Allison is concerned, it must be construed as an action based upon the breach of his agreement to sign the note with Eledge, and not strictly an action upon the particular note which was executed by Eledge.

It appears that Eledge made default; that Allison answered the complaint and denied his liability, upon the ground that the alleged promise was one to answer for the debt of Eledge, and was within the Statute of Frauds.

The evidence for the plaintiff tended to establish the facts substantially as detailed above, the defendant Allison offering no evidence.

The defendant moved for a nonsuit, which was refused; the presiding Judge then directed a verdict in favor of the plaintiff for the full amount claimed; the defendant moved for a new trial, which also was refused, and now appeals upon exceptions which advance the following contentions, as I gather from the argument for the appellant: (1) That the letter of Allison is not a written promise to pay the note of Eledge, but only a promise to sign the note, and

thereby give a written promise to pay it; that therefore there has been no written promise to pay the note; that the promise which was made does not comply with the Statute of Frauds: (2) that the promise to pay the debt of another must have been upon a valuable consideration expressed in writing; that in an action upon it the consideration must be alleged in the complaint and that parol evidence is not admissible to prove it; (3) that if the letter should be construed as a guaranty, Allison was entitled to notice from the bank that the loan had been made to Eledge, which has neither been alleged nor proved.

As to the first contention: The distinction is too refined. A promise to sign a note, based upon a valuable consideration, necessarily implies a promise to pay the note when so signed; and, if technically an action could not be maintained upon the note, it certainly could, upon the promisor's breach of his promise to sign, which I take this to be.

Counsel has not cited a single authority, and I have found none, to the effect that a written promise to sign a note for a third person, based upon a valuable consideration, cannot be enforced by reason of the Statute of Frauds or any other statute or principle.

An agreement to give a mortgage based upon a valuable consideration, under certain circumstances, even if in parol, certainly if in writing, is enforceable. 1 Jones Mortg. (6th Ed.) § 163.

So, an agreement to indorse a note. In 1 Dan. Neg. Inst. (5th Ed.) § 689a, it is said:

"A promise (to indorse) made on a sufficient consideration will sustain an action upon its breach."

"An action may be maintained for breach of a promise to indorse made upon sufficient consideration." *Smith v. Easton,* 54 Md., 138; 39 Am. Rep., 355. *Berryhill v. Jones,* 35 Iowa, 335. *Gallager v. Brunel,* 6 Cow. (N. Y.), 346. *Westcott v. Keeler,* 17 N. Y. Super. Ct., 564.

In *Birdsell v. Brown,* 96 Mich., 213; 55 N. W., 801, it is held:

"If, however, the promise to indorse is made upon a sufficient consideration, an action may be maintained for the breach"—citing 2 Pars. Notes, 15; 1 Dan. Neg. Inst. § 689a; Tied. Com. Pap. 264. *Feun v. Harrison,* 3 Term R. 757. *Moxon v. Prilling,* 4 Camp., 50. *Bank v. Houston,* 1 Har. (Del.), 225. *French v. Turner,* 15 Ind., 59.

I see no reason why a similar agreement, based upon a valuable consideration, if in writing, to sign a note with or for another is not enforceable.

In *Bronson v. Stroud,* 2 McMul., 372, one Henning bought a lot of hogs from Bronson, upon Stroud's promise (oral) to sign a note with Henning for the amount. The Court held that Stroud's promise, being oral, was within the statute, and could not be enforced. There was no suggestion that if it had been in writing it could not be enforced.

In *Williams v. Caldwell,* 4 S. C., 100, Williams & Co. sold a bill of goods to Gayle upon the verbal promise of Caldwell to accept Gayle's draft for the amount of the bill. In an action against Caldwell upon the verbal promise, the Court held that it was barred by the Statute of Frauds. No suggestion was made that it would not have been enforceable, even if in writing. On the contrary, the Court said:

"The promise of the defendants [Caldwell] was both inducement and consideration to such contract of sale, and was, in substance, a contract to assure the performance of what Gayle had undertaken to do; namely, to pay for the goods purchased."

But that, on account of the statute, the otherwise valid contract supported by a consideration could not be enforced.

In *Taylor v. Drake,* 4 Strob., 431; 53 Am. Dec., 680, the plaintiffs refused to deliver goods bought upon credit by a Mrs. Owens, unless Drake, the defendant, would indorse the note for the payment. Drake verbally agreed to do so and the goods were delivered to Mrs. Owens, and charged to her. Drake having refused to indorse the note, suit

was entered. The Court held that Drake's promise was collateral, and within the statute. It is not suggested that if he had put his promise to indorse in writing it could not be enforced. (Note. The syllabus in this case is misleading in this: It is stated that the undertaking of Drake was without consideration. What the Court held was that it was without such consideration as would constitute Drake's undertaking an original one.)

In *Strohecker v. Cohen,* 1 Speers, 349, it is held that there is no difference between a promise to accept a bill and an acceptance. "Either both or neither is excluded by the Statute of Frauds." In that case it was held that a verbal promise to accept was not within the statute. I perceive a difference, however, between that and a promise to sign a note for or with another.

In *Dee v. Downs,* 57 Iowa, 589, 11 N. W., 2, the Court says:

"Where one agrees to execute a note as surety for another, such an agreement is a promise to answer for the debt of that other, and is within the Statute of Frauds, unless the agreement is in writing."

It is not suggested that, even if it is in writing, the promise is not enforceable; the contrary is plainly implied.

So far as the Statute of Frauds is concerned, I think that the following principles have been established:

Where the proposed maker of a note or contract of purchase is the sole person to be benefited, the promise of a third person to sign the note with him or to stand good for the account, in order to lend his credit, is a collateral undertaking, and within the Statute of Frauds.

Where the promisor is personally interested in the advancement, whether in goods or money, and is himself to be benefited by the transaction, the promise is an original undertaking, and not within the statute.

In this particular case it is absolutely immaterial whether Allison's undertaking was collateral or original. If it was collateral, the statute is satisfied by the written promise

to sign the note; if it was original, it would have been supported by his verbal promise, a *fortiori* by his written undertaking.

I think, however, that Allison's undertaking was, under the authorities, an original and not a collateral one. He was the landlord, and vitally interested in Eledge obtaining what he needed—"Mr. Eledge will want about $125 to make a crop"—and he would have been bound to the bank upon a verbal promise that he would sign the note with him or stand good for the amount advanced; a *fortiori* upon his written engagement.

It would be superfluous to repeat the authorities cited in the case of *Gaines v. Durham* (S. C.), 117 S. E.,, 732, which I think is conclusive upon the proposition. There Masters was the landlord; Durham the tenant; Durham applied to Gaines for fertilizers with which to make the crop; Gaines refused to let him have them without the guaranty of Masters; Masters verbally assured Gaines: "Let Durham have what he wants, and I will see that it is paid." This was held to be an original undertaking on the part of Masters, for which he was liable, upon the ground that the promise was made to subserve a pecuniary and business purpose of Masters.

In *Lorick v. Caldwell,* 85 S. C., 94; 67 S. E., 143, opinion by the present Chief Justice, the Court quotes with approval the following from 3 Pars. Cont., 24: "Wherever the main purpose and object of the promisor is, not to answer for another, but to subserve some purpose of his own, his promise is not within the statute, although it may be in form, a promise to pay the debt of another," and cites *Robertson v. Hunter,* 29 S. C., 14; 6 S. E., 850. *Turner v. Lyles,* 68 S. C., 392; 48 S. E., 301, and *Tindal v. Touchberry,* 3 Strob., 177; 49 Am. Dec., 637.

As to the second contention: Assuming that the appellant is correct in this contention, it is in effect a demurrer to the complaint, which has been waived by answering to the merits. Code Civil Pro., (1922), § 405. But aside

from this the complaint fully alleges the consideration in the loan of Eledge upon the faith of Allison's letter; the supporting consideration of a contract being either a benefit to the promisor or a loss or the risk of a loss to the promisee.

As to the third contention: I do not find in Allison's letter the semblance or trace of the relation of guarantor and guarantee. His promise was that, if the bank would let Eledge have the money, he would sign the note with him; which, in the most favorable light to Allison, would constitute him a surety upon the note, and in no sense a guarantor.

But, if it could by any possibility be construed as a guaranty, I do not think that the appellant's contention can be sustained. The rule is thus stated in *Duncan v. Heller,* 13 S. C., 94:

"Every guarantor is entitled to notice of the acceptance of his guaranty, unless the transaction is such that of itself it gives him the requisite notice."

After the letter of Allison had been written, Eledge continued upon Allison's place, and made a crop during the year 1920, the year in which Allison wrote that Eledge would want $125 "to make a crop on." It is incredible that Allison did not know that Eledge had completed the financial arrangement which he had suggested; and that he had all the notice that could reasonably have been required; he must have known that the necessities of Eledge had been satisfied and his importunities appeased in the only way at that time open.

The judgment of this Court should be that the judgment of the County Court be affirmed.

MR. JUSTICE MARION concurs.