COCHRAN & VAN WINKLE, Appellants, *v.* JAMES H. GOODMAN, Respondent.

A declaration setting forth that plaintiff had purchased a quantity of goods from W. & P., "then and there acting as the agents of defendant," is only another form of declaring that he had purchased from the defendant, and is sufficiently certain to prevent any misapprehension of its meaning, and is good on demurrer.

Where the complaint, in *hæc verba*, set forth the bill of sale, it was held to remedy a defect in the description of the quantity of the goods sold: a party must be presumed to know what was intended by his own account.

APPEAL from the Superior Court of the City of San Francisco. The complaint set forth, that on the 28th December, 1851, plaintiffs had bought a quantity of malt from the firm of Whitcomb & Peck, then and there acting as agents of defendant, and paid the said agents therefor, as will appear by their bill of sale, in the following words and figures, to wit:—

Messrs. Cochran,

|  | Bought of Whitcomb & Peck. |
|---|---|
| 30,000 Malt, a 8 cts., . . . | $2400 00 |
| Brokerage, . . . . . | 60 00 |
|  | $2460 00 |
| By Cash, . . . . . . | 200 00 |
|  | $2260 00 |

1851, December 28th.    Rec'd payment,
                          WHITCOMB & PECK.

That a part of the malt, to wit, 3540 pounds, was not delivered; that on the 24th February, the same was demanded by plaintiffs of said defendant, and his said agent, who refused to deliver the same, to their damage, $500.

Defendant demurred for cause, 1st, That said complaint does not show that the plaintiffs bought the malt therein mentioned from the defendant, or any privity of contract between the plaintiffs and defendant. 2d, That it does not show how much malt was bought as therein stated. 3d, Nor at what price said malt

was bought.    4th, Nor any agreement for the purchase and sale thereof.    5th, Nor where it was to be delivered.

The demurrer was sustained by the court, and respondent appealed.

No brief is on file for appellants.

*Wilson* and *Conner*, for respondent.

The complaint does not show a contract with the appellants. It should have averred that Whitcomb & Peck *were* the agents of defendant.    They might assume to act without authority of defendant: the clause, "acting as agents," is mere *descriptio personæ* of W. & P.    The bill of sale does not show a contract with defendant.    The phrase, "a quantity of malt," is too indefinite; so is "30,000 malt," which may mean bushels, pounds, grains, sacks, or anything else.    The complaint only shows a sale by Whitcomb & Peck.    The word "sold," implies delivery, but the complaint avers that a part was not delivered; it, therefore, contradicts itself.    See Hilliard on Sales, title Bargain and Sale.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The plaintiffs allege the purchase of "a quantity of malt from Peck & Whitcomb, then and there acting as the agents for defendant."    This is only another form of declaring that they had purchased from the defendant.    It is sufficiently certain to prevent any misapprehension of its meaning; and is, therefore, no good cause of demurrer.

The description of a "quantity of malt," is certainly a loose and indefinite detail of the contract; but it is aided by setting out, "in *hæc verba*," the bill of the article purchased, as rendered by the defendant.    It is true, that that is not definite as to quantity; but, as the object of every allegation in a declaration, is to inform the defendant with what he is charged, it seems to me, that nothing can effect this better than the mode adopted, as it is a necessary presumption that he must know what was intended by his own account.

There is, I think, no good ground of demurrer; and the order sustaining it must be reversed, with costs.