[No. 13210.   Department Two. — July 14, 1891.]

HARRIET M. FAIRCHILD, EXECUTRIX, ETC., RESPONDENT, *v.* JOHN MULLAN ET AL., APPELLANTS.

VENDOR AND PURCHASER — BOND FOR DEED — VENDOR'S LIEN — TRUST AGREEMENT — TENANCY IN COMMON.— Where a vendor gives a bond for a deed, and receives part of the purchase-money, but by the terms of the bond holds the legal title as security for the unpaid purchase-money, and the vendee afterwards enters into an agreement with the vendor and others, the object of which is to declare that the vendee was to hold the property purchased in trust for the benefit of himself and the other parties, including the vendor, in equal shares, or in proportion to the amount of money paid by each, the vendee does not by such subsequent agreement become a tenant in common with the vendor in proportion to the amount paid by him upon the purchase price, and is not relieved from the obligation of the original contract of purchase.

ID.— FORECLOSURE OF RIGHTS OF VENDEE. — The vendee under such contract having failed to complete the purchase, the remedy of the vendor is to institute proceedings to foreclose the rights of the vendee to purchase under the contract.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Joseph M. Nougues,* and *Mich Mullany,* for Appellants.

*F. E. Johnston,* for Respondent.

TEMPLE, C. — The defendants Mullan and Randall take this appeal from the judgment and an order refusing them a new trial.

The action is brought by the executrix of A. A. Ritchie, deceased, to quiet title to a tract of land in Lake County, and to have it adjudged that the defendants have no right to purchase under a contract made with Ritchie October 19, 1877. Defendants Nougues and Williams filed a disclaimer. The judgment quiets the title absolutely against all of the defendants, except Mullan, and permits him to complete the purchase within ninety days by paying certain moneys, and failing so to do, cuts off all claim on his part.

On the nineteenth day of October, 1877, Ritchie executed to Mullan a bond, by which he agreed to convey to Mullan the land on or before May 5, 1882, for forty thousand dollars. It recites the payment of ten thousand dollars, but it appears that only three thousand dollars was actually paid at the time.

The next day, October 20, 1877, Mullan, Nougues, Randall, and Williams entered into a written agreement, which begins as follows: —

" Whereas, on the nineteenth day of October, 1877, A. A. Ritchie, of Lake County, California, did, in a bond, obligate himself to deed and convey to John Mullan, of San Francisco, California, his certain property situate in the county of Lake, and state of California, and which property is specifically set forth and particularly described in said bond, and to which reference is herein made, and said bond is hereby made a part of this instrument, — therefore, the object of this agreement is to witness and to declare that said property is by said John

Mullan held in trust and for the parties hereinafter named and in the manner and for the purposes hereinafter stated, and not otherwise, to wit: One fifth part thereof for A. A. Ritchie, of Lake County, California, and one fifth part thereof for Henry F. Williams, one fifth part thereof for Joseph M. Nougues, one fifth part thereof for P. M. Randall, and one fifth part thereof for John Mullan, all of San Francisco, California, so that each of said five named parties shall be mutually interested in each and all and every part and parcel of the aforenamed and described property. It being mutually understood and agreed, however, between the parties thereto that the interest of each of said parties in and to the aforesaid property shall be and is in direct proportion to the amount of money paid and to be paid by each of the aforesaid parties to A. A. Ritchie on account of the purchase-money in making and securing the purchase of said property, and not otherwise."

The writing proceeds to specify what sums shall be paid by each, and when. A. A. Ritchie was to pay eight thousand dollars May 5, 1878. Ritchie was to retain possession, and for one year the use was to pay the interest and taxes on the sum which remained due after the payments specifically provided to be paid before the final payment, to wit, twenty-two thousand dollars, which was to be paid October 19, 1882.

It further specifies as follows: "It is further mutually understood and agreed that it is the intention of the parties hereto, in due time, to organize a corporation under the laws of the state of California for the purpose of introducing water into the city of San Francisco from the Putah Creek water-shed, and from other sources of water supply in the state of California; that it is the ultimate intention and purposes of said parties to use the property so purchased, and as described in said bond, as one of the reservoir sites in the development of said water project; and that it is for such ultimate use and purpose that said

property has been negotiated and purchased and paid for, and in the manner and for the benefit of the parties hereto, and wherefore this agreement has been made and entered into by these parties at the city of San Francisco, this twentieth day of October, 1877."

It was provided that Mullan should pay for Randall, but if Randall failed to repay by May 5, 1882, his interest should pass to Mullan, for the benefit of himself and the other parties, if they proportionately reimbursed Mullan the amounts paid for Randall.

It does not appear that Randall ever paid anything, or that Mullan was reimbursed for moneys paid on his account.

Nougues and Williams assigned their interest to Mullan August 15, 1878.

At the time of Ritchie's death, November 3, 1879, he had been paid, at the date of the contract, October 19, 1877, three thousand dollars; December 1, 1877, two thousand dollars; April 11, 1878, two thousand five hundred dollars; and Ritchie had a note from Mullan for two thousand five hundred dollars, thus making up the ten thousand dollars payment which is acknowledged in the bond.

Mullan had expended on account of the proposed water company $3,188.53. After Ritchie's death, Mullan presented a claim against his estate for one fifth of this sum. Five hundred and ninety-one dollars was allowed by the executrix, and credited on the note, November 1, 1881. Mullan advanced to her one thousand dollars, which she needed to pay interest upon a mortgage given by Ritchie upon the land.

At this time, Mullan contracted with the executrix to purchase Ritchie's interest in the property for eight thousand dollars; to pay the balance due on his note and the bond by November 1, 1883. He made no further payments, and this suit was commenced February 3, 1884.

XC. CAL.—13

Appellant contends that by the terms of the agreement made on the twentieth day of October, 1877, he became an owner as tenant in common with Ritchie in proportion to the amount paid by him upon the purchase of the property. Whether this is a correct construction of that agreement is really the only question in the case.

By the terms of the bond to Mullan, Ritchie held the legal title as security for the purchase-money still unpaid. By the contract of the next day, he became jointly interested with the defendants in their enterprise, and that instrument was evidently intended to define the interest of each in the joint undertaking and the joint property.

There is nothing indicating an intent on the part of Ritchie to affect his security for his debt, or to change the terms of the purchase. The natural and obvious construction would be, that the contract was intended to define the interest of the parties *inter sese* as purchasers, and indeed the instrument expressly so declares.

"Therefore the object of this agreement is, to witness and declare that said property is by the said John Mullan held in trust for the parties hereinafter named, and in the manner and for the purpose hereinafter stated, and not otherwise," and then follows the language under consideration. It is quite obvious that the property to be held as specified was the estate of John Mullan, or to be acquired by him under the bond, which is made part of the agreement.

Mullan having failed to complete his purchase, the proceeding to foreclose his rights under the contract is strictly in accordance with the practice in equity, and has been expressly sanctioned in this court. (*Keller* v. *Lewis*, 53 Cal. 118.)

By the terms of the contract, Randall has ceased to have any interest in it. If he has rendered service to the associates, it would constitute no claim against Ritchie to be set off against this bond. No such services were

shown, nor was any claim against the estate on account of such service presented to the executrix.

We think the judgment and order appealed from should be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

Hearing in Bank denied.