## SOUTHERN PAC. R. CO. v. ALLEN.*

### No. 15,714; June 6, 1895.

#### 40 Pac. 752.

**Contract to Convey Land to Which Patent not Yet Obtained.—** A contract for the conveyance of land within a certain time, if the vendor within that time obtain title thereto by patent from the government, for an agreed price—money paid on the purchase price to be repaid to the vendee, without interest, if the vendor fail to obtain a patent—is not void for lack of mutuality or consideration.

**Contract to Convey Land to Which Patent not Yet Obtained.—** Plaintiff agreed to convey to defendant certain lands, within five years, if he obtained, within that time, title by patent from the government, for one-fifth cash, and the balance secured by mortgage, with interest. If plaintiff failed to obtain title, he was to repay the money paid by defendant, without interest. Pending suit by plaintiff for the interest due on the mortgage, the five years expired without his having obtained patent. Held, that judgment must be

*For subsequent opinion in bank, see 112 Cal. 455, 44 Pac. 798.

rendered determining the rights of the parties as of the time of the expiration of the contract period, and not as of the time of the commencement of the action.

APPEAL from Superior Court, City and County of San Francisco; J. M. Seawell, Judge.

Action by the Southern Pacific Railroad Company against Darwin C. Allen for the purchase price of land. From a judgment for plaintiff, defendant appeals. Modified.

Robert Harrison for appellant; Joseph D. Reddding for respondent.

HENSHAW, J.—Appeal from the judgment. The action is to compel the payment of moneys alleged to be due under contracts for the purchase of lands, and, in default of payment, to foreclose defendant's rights under the contracts, and for general relief. The contracts are many, but they are alike in terms, and one will serve as a type of all. Plaintiff agreed to sell, and defendant to buy, a certain piece of land. At the date of the contract, defendant paid one-fifth of the purchase price, and one year's interest upon the unpaid portion, and agreed to pay the same interest annually in advance until the completion of the purchase, or the termination of the contract. The time of payment for the unpaid part of the purchase price was "on or before the 1st day of February, 1893"; that is to say, within five years from the execution of the contract. Upon performance by defendant of the conditions of his contract he was entitled—First, to take and hold possession of the land; and, second, to receive a deed for the same, upon demand, and after payment of the remaining four-fifths of the purchase price, which deed plaintiff agreed to make "after the receipt of a patent therefor from the United States." The contract proceeds: "It is further agreed between the parties hereto that the party of the first part claims all the tracts hereinbefore described, as part of a grant of lands to it by the congress of the United States; that patent has not yet issued to it for said tracts; that it will use ordinary diligence to procure patents for them; that, in consequence of circumstances beyond its control, it sometimes fails to obtain patent for lands that seem to be legally a portion of its said grant, therefore nothing in this instrument shall be considered a

guaranty or assurance that that patent or title will be procured; that, in case it be finally determined that patent shall not issue to said party of the first part for all or any of the tracts herein described, it will, upon demand, repay, without interest, to the party of the second part, all moneys that may have been paid to it by him on account of any such tracts as it shall fail to procure patent for, the amount of repayment to be calculated at the rate and price per acre fixed at this date for such tracts by said party of the first part, as per schedule on page 3 hereof; that, said lands being unpatented, the party of the first part does not guaranty the possession of them to the party of the second part, and will not be responsible to him for damages or cost in case of his failure to obtain and keep such possession.'' This action was brought upon default of defendant in paying the second, third and fourth years' installments of interest. It was commenced before the expiration of the five years' limitation, but was brought to trial and decided after the lapse of that period. Defendant, by answer, denied title in plaintiff, and, by cross-complaint, alleged false representations by plaintiff of its title, injury to himself therefrom, and concluded with an offer of rescission, and demand for a return of the moneys paid by him. The findings are against the answer and cross-complaint, and the decree requires defendant to pay within six months the amount found due as unpaid interest, or be debarred and foreclosed of all right and interest in and to the lands, and in and under the contracts.

The court found plaintiff to be the owner, in fee, of the lands, and much nice argument is advanced for and against the finding. But, under our interpretation of the contract, it is a matter irrelevant. Plaintiff was to convey, not the title it had, nor the title in fee found by a court, but the title evidenced by and under the patent of the United States, and defendant was not to be called upon to consummate the purchase until this muniment of title had issued. The contracts were not void ab initio, for lack of mutuality or consideration. The averments of false representations as to title having been negatived by the findings, the transaction between the parties amounted to this: Plaintiff claimed title to government lands, which claim had not been perfected by the issuance of a patent. The sources of knowledge as to the nature and probable validity of the claim were open to de-

fendant, and he did not, therefore, contract blindly. Under such circumstances, defendant agreed to buy these lands at any time within five years, should defendant's claim ripen into a perfect title by·the issuance of a patent. Plaintiff agreed, as the consideration flowing from it—First, to convey to defendant, and thus to forego its right to contract with or sell to anyone else; second, to yield in the meantime to defendant such possession, use and enjoyment of the lands as would otherwise belong to it. Defendant, to secure these advantages to himself, paid one-fifth of the purchase price, and agreed to pay interest upon the remainder of it. If, at any time within five years, plaintiff's title was perfected, defendant had the right to compel a conveyance of it to himself. If, at the expiration of five years, the result had not been reached, defendant was entitled to repayment of his moneys, without interest, while plaintiff, for foregoing its right to make other contracts, and for yielding to defendant its right to the occupancy and enjoyment of the lands, was to be compensated by the use, without payment of interest, of the defendant's moneys held by it. It is true, these terms are not explicitly declared in the contract, as here set forth, but they fairly state the expressed agreement of the parties. Plaintiff, then, being entitled to the use of the moneys annually to be paid as interest, could enforce the collection of them by this action, after persistent refusal to pay, or have defendant foreclosed of his rights under the contract, for violation of its conditions: Keller v. Lewis, 53 Cal. 118; Fairchild v. Mullan, 90 Cal. 194, 27 Pac. 201; Hansbrough v. Peck, 5 Wall. (U. S.) 506, 18 L. Ed. 520. Plaintiff is not asking a rescission. To the contrary, it is demanding that defendant be compelled to perform the conditions of his contract, and that upon his refusal to do so the rights of the parties under the contract be determined in accordance with equity: Hansbrough v. Peck, supra. The decree gave the defendant the alternative of paying within six months, or suffering foreclosure. It is urged against it that, since the five years had expired, and plaintiff had not obtained a patent, to compel defendant to pay the delinquent interest would be the requirement of a vain thing, since defendant would be entitled to its immediate return, and that, therefore, the court should not have so decreed, but, to the contrary, should have ordered repaid by plaintiff the moneys of defendant in its hands.

The pleadings sufficiently disclose the dates, by which it appeared that the action was tried and determined after the time limited by the contract for its completion. Plaintiff, having failed to secure its patent within that time, was entitled, as has been said—First, to the use of the one-fifth part of the purchase price without payment of interest therefor; and, second, in like manner, to the use of the annual installments of interest as they fell due. Though the decree of the court would have been consonant with equity, had it been rendered before the five years had expired, it failed to do complete justice under the changed situation brought about by the lapse of that time. While a decree in equity generally operates upon the parties and subject matter as they stood at the commencement of the proceedings, it only does so to subserve the ends of justice. When, as here, a radical change in the status has been brought about by the passing of time, under the very terms of the agreement, and knowledge of this change is, as here, judicially before the court, or is brought in by appropriate pleading, its decree should be addressed to the rights existing, not at the commencement, but at the time of the determination, of the action. The court should therefore decree to plaintiff, in lieu of the use of the interest payments of which it was deprived by the default of defendant, seven per cent interest upon each of these amounts from the date upon which they, respectively, fell due, until the date of the decree; should decree the return by plaintiff to defendant of any excess of the moneys of defendant in its hands over the amount found due, or render a judgment in favor of plaintiff for any deficiency, and, upon a compliance with this judgment, terminate the contractual relations of the parties, as provided by their agreement. Let the judgment and decree be modified accordingly.

We concur: Temple, J.; McFarland, J.