WADSWORTH, HOWLAND & CO. *vs.* MILTON H. ARNOLD, Trustee.

PROVIDENCE—MARCH 19, 1902.

· PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Trusts.   Creditor's Lien against Trust Estate.*

X. made an assignment in 1890.   His store was sold by mortgagee to his father who carried on the business.   The father deceased in 1894, leaving a will giving all his property to X. in trust for the latter's children, with power to X. to mortgage all or any part of the real estate; and any conveyance by him was to pass title and to be a discharge of the purchaser as to the disposition of the purchase money   He was given absolute control of the entire estate, with power to invest in merchandise, and to use the whole of it in the support of his children.   After the death of his father

X. carried on business under the name of "Estate of U., X., Trustee." The court found from the testimony that the stock in the store was held out to be and intended to be the property of the father while he lived, but that X. was to have the use of it; but because of his insolvency the title was to remain in the father :—

*Held,* that the property passed under the will, this course being consistent with the evident scheme for carrying on the business.

*Held,* further, that the apparent intent of testator to put the estate into the absolute control of the trustee, limited only by the natural trust of supporting his own children, showed that authority was also intended for the trustee to use the estate for the purposes of his business.

*Held,* further, that the trustee could bind the trust estate for purchases made pursuant to the trust.

*Held,* further, that a creditor could look to the trust estate for a credit given pursuant to the terms of the will.

BILL. IN EQUITY to enforce a lien against a trust estate. Heard, and relief granted.

STINESS, C. J.    This is a bill to enforce a lien against the trust estate in the hands of the respondent, for merchandise sold by the complainant corporation to the respondent as trustee.

It appears in evidence that from 1884 Milton H. Arnold was in business at Centreville, R. I., selling lumber and hardware, until 1890, when he made an assignment. His store was then sold, by a mortgagee, to his father, Uriah Arnold, who carried on the business for six months, while Milton H. Arnold was confined in jail on execution in a tort action. His testimony is that in April, 1891, upon his release from jail, his father gave him the store, so that it was wholly his ; but that he continued the business under the name of Uriah Arnold, because he could not use his own name. The father died in 1894, leaving a will giving all his property to his son in trust for the latter's children, but with remarkable powers. He had power to mortgage all or any part of the real estate, and any conveyance by him was to pass title and to be a discharge of the purchaser as to the disposition of the purchase money. He was given absolute control of the entire estate, with the power to invest in merchandise and to use the whole of it in the support of his children ; and these broad powers, with the circumstances disclosed, show clearly that the so

called trust was a device to cover a gift to the son to enable him to carry on his business and at the same time to appear to hold no property of his own.   Evidently the son so understood it, for after his father's death, in 1894, he carried on the business under the name, "Estate of Uriah Arnold, Milton H. Arnold, Trustee."

(1)    We think the testimony shows that the stock in the store was held out to be and intended to be the property of Uriah Arnold while he lived.   No doubt the son was to have and did have the full use and benefit of it, but, because of his insolvency, the title was to remain in the father.   It therefore passed under his will; it was so announced by the name under which the business was done; and the course was consistent with the evident scheme for carrying on the business.

The question is whether, under these circumstances, the creditor can look to the trust estate.

The rights of a creditor must generally depend upon the terms of the trust.   Cases may be found where the necessities of the trust estate have required expenditure or credit outside of express trusts, but such an emergency does not exist in this case.   Perry on Trusts, 5th ed. 1st vol. § 454, says : "In the absence of express authority, the employment of trust funds in trade or speculation, or in a manufacturing establishment will be a gross breach of trust."

The same idea is brought out indirectly in *Ryder* v. *Sisson,* 7 R. I. 341, where trust funds had been used to buy machinery for a *cestui que trust.*   The court held that it was an unlawful use of the funds, "for it is neither *real estate, stocks* or *securities,* the kinds of property to which the will expressly limits investments of the trust estate."   Applying that test to this will, we find "merchandise," for which the suit is brought, expressly authorized as an investment.   This fact, together with the apparent intent of the testator to put the estate into the absolute control of the trustee, limited only by the natural trust of supporting his own children, shows that authority was also intended for the trustee to use the estate for the purposes of his business.

Under such circumstances the trustee, as in this case insol-

vent, may bind the trust estate for purchases made pursuant to the trust; otherwise the estate might retain a benefit for which it would not pay. *Mason* v. *Pomeroy*, 151 Mass. 164; *Manderson's Appeal*, 113 Pa. St. 631; *Norton* v. *Phelps*, 54 Miss. 467; *Wylly* v. *Collins*, 9 Ga. 223; *Montgomery* v. *Eveleigh*, 1 McCord Ch. 267. See also Am. Law Review, vol. 15, p. 449, Art. on "Liability of Trust Estates on Contracts made for their Benefit."

The guardian *ad litem* refers us to several cases in which it is held that where a trustee is authorized to carry on a particular business, the trust estate outside of that business will not be held for debts incurred.

Some of these cases are dependent upon restrictive limitations of the trust, but, without doubt, there must be full authority in a trustee before charging a trust estate.

There is no discrimination in this case; the power is to change the form of the trust property from real to personal, and to invest the proceeds in stocks, bonds, merchandise, etc.

We therefore think that the complainant had the right to look to the trust estate for a credit given pursuant to the terms of the will.

A decree may be entered accordingly.

*Tillinghast & Murdock*, for complainant.

*P. Henry Quinn*, for respondent.

*Joseph C. Sweeney*, for guardian *ad litem*.