## FRANCIS v. GISBORN.

No. 1655. Decided November 25, 1905 (83 Pac. 571).

1. TRUSTS—EXPRESS TRUST—NATURE.—Plaintiff alleged that on a certain date he delivered to defendant $4,800 for the special purpose of paying some of the money to satisfy plaintiff's debts and to keep the remainder and return the same to plaintiff on demand, and that defendant failed and neglected to pay any of plaintiff's debts, but mingled the money with his own and used the same until nearly twenty years thereafter, when plaintiff demanded a return of the fund, which defendant refused, except for the repayment of a small sum. *Held*, that the complaint alleged a cause of action for conversion only, and did not show that defendant received the money by virtue of an express trust.

2. PLEADING—CONCLUSIONS.—An allegation, in a complaint to recover certain money, that defendant received the money from plaintiff in trust for certain purposes, was not an allegation of fact, but a mere conclusion of the pleader.

3. LIMITATION OF ACTIONS—ACCOUNTING — EQUITY JURISDICTION. — Where plaintiff deposited certain money with defendant, who agreed to pay certain of plaintiff's debts and return the balance on demand, but plaintiff made no demand for the return of such balance for nearly twenty years, plaintiff's right to recover such balance was not within the exclusive jurisdiction of a court of equity, and was subject to limitations, whether his action was brought in equity or at law.

4. SAME—PAYMENT—STATUTES.—Revised Statutes 1898, section 2898, provides that in actions founded on contract, when any part of the principal or interest shall have been paid, an action may be brought within the period prescribed for the same after such pay-

ment; and section 2900 declares that the chapter containing the former section does not extend to actions already commenced nor to cases where the time prescribed in any existing statute for acquiring a right or barring a remedy has fully run. *Held* that, where plaintiff's right to recover certain money deposited with defendant had been barred for more than twelve years by limitations imposed by Code Civ. Proc., c. 3 (2 Comp. Laws 1888, p. 224, tit. 2), at the time section 2898 was adopted, the subsequent payment of a small sum by defendant did not revive plaintiff's right to sue.

BARTCH, C. J., dissenting.

APPEAL from District Court, Salt Lake County; George G. Armstrong, Judge.

Suit by Jewet B. Francis against Mathew T. Gisborn. From a judgment sustaining a demurrer to the complaint and dismissing the suit, plaintiff appeals.

AFFIRMED.

*Warren & Davis* for appellant.

*E. D. Hoge* and *J. M. Hamilton* for respondent.

APPELLANT'S POINTS.

This is an express trust and is not barred by the statute of limitations. "It is well settled, that a subsisting, recognized and acknowledged trust, as between the trustee and cestui que trust, is not within the operation of the statute of limitation." (*Blont v. Robeson,* 3 Jones Eq. 73; Wood on Limitation, secs. 59, 60, 200 and notes; *Bell v. Hudson,* 2 Am. St. Rep., 794 and note; *Kutz's Appeal,* 40 Penn. St. 90; *McGuire v. Linneus,* 74 Me. 344; *Gilbert v. Sleeper,* 71 Cal. 290; *Charter Oak Life Ins. Co. v. Yisborn,* 5 Utah 319; *Thomas v. Glendinning,* 13 Utah 48; *Miles v. Thorne,* 99 Am. Dec. 384 and note; *Talbott v. Barber,* 54 Am. St. Rep. 491; 12 Am. & Eng. Enc. of Law, 533, 535, 544; *Nudd v. Powers,* 136 Mass. 273; *Nelson v. Carrington,* 4 Munf. 332; *Gibbons v. Hoag,* 95 Ill. 45; *Cole's Admr. v. Ballard,* 78 Va. 139; *Paschall v. Hinderer,* 28 Ohio St. 568; *Wissler v. Craig's Adm'r,* 80 Va. 22; *Brown v. County of Buena Vista* 95 U. S. 157; *Platt v. Platt,* 58 N. Y. 646.)

RESPONDENT'S POINTS.

The mere delivery of property or money to one, to be held by him until the performance of an act by another, whereupon it is to be paid over to such person, otherwise to be returned, does not, independent of other equitable circumstances, necessarily create a trust of which equity has jurisdiction, but on the contrary the remedy is by action at law. (22 Ency. Plea. and Prac., sub. b, pp. 16-17; *Doyle v. Murphy,* 22 Ill. 502; *Hayward v. Green,* 82 Ill. 386; *Douglas v. Martin,* 103 Ill. 25.)

In cases where the jurisdiction is concurrent at law and in equity, lapse of time is an absolute bar to a suit in equity, if it would be at law. (*Gadden v. Kemmell,* 99 U. S. 201; *Rings v. Woodard,* 43 Ark. 469; *Lux v. Haggin,* 69 Cal. 255; *Oakland v. Carpenter,* 13 Cal. 540; *Phalen v. Clark,* 19 Conn. 421; *Harris v. Mills,* 28 Ill. 44; *Wright v. McClaire,* 3 Iowa 221; *Smith v. Wood,* 42 N. J. Eq. 563; *Carr v. Thompson,* 87 N. Y. 160; *Rundle v. Allison,* 34 N. Y. 180; *McCarter v. Camel,* 1 Barb. Ch. [N. Y.] 455; *Humbert v. Rector,* Trin. Ch. 7 page [N. Y.] 195; *Manchester v. Manchester,* 3 R. I. 237; *Rafferty v. Snud,* [Tenn.] 221; *Graham v. Graham,* 16 W. Va. 598; *Hall v. Russell,* 3 Saw. [U. S.] 506; *Adair v. Winchester,* 7 Gill & J. [Md.] 114; *Hirtle v. Schwartze,* 3 Md. 366; *Warner v. McMillin,* 131 Pa. St. 370.)

"Where the case is in the nature of a demand for a specific sum of money, which, upon an implied contract, the defendant holds for the use of the plaintiff, it is doubtful whether equity has jurisdiction upon the ground of trusts." (*Hirtle v. Schwartze,* 3 Md. 366; *Adair v. Winchester,* 7 Gill. and J. [Md.] 114; *Olivers v. Palmer,* 11 Gill. and J. [Md.] 443.)

"In cases of express or strict trusts the jurisdiction of equity is conclusive, but in cases of quasi trusts, such as bailments, deposits and implied contracts, arising from money, had and received, a court of law has jurisdiction and equity will ordinarily not take jurisdiction." (22 Ency. Plea. and Prac., sub. b, pp. 12, 14, 15, 16, 17; *Taylor v. Turner,* 87 Ill. 303; *Hirtle v. Schwartze,* 3 Md. 383; *Adair v. Winchester,* 7 Gill and J. [Md.] 118; *Oliver v. Palmer,* 11 Gill. and J. [Md.] 443.)

"The rule covers only pure or express trusts, cognizable only at equity; and the statute of limitations is available in all cases of implied, quasi or constructive trusts; or where there is a concurrent remedy at law with a limitation which applies to it. (*Thomas v. Glendenning,* 13 Utah 47; *Dale v. Wilson,* 39 Minn. 330; *Kirkpatrick v. McElroy,* 41 N. J. Eq. 539-551;83 Mo. 35-41; 61 Miss. 676; 6 C. E. Green, N. J. 76; *Price v. Milford,* 107 N. Y. 303; 90 N. C. 82; 15 S. C. 164; 6 Tenn. 471; 19 Am. & Eng. Ency. Law, note 3, 155, 156, note 1, 156, 157; *Smith v. Wood,* 42 N. J. 563; *People v. Everist,* 4 Hill [N. Y.] 71; *Butler v. Jonhson,* 111 N. Y. 204; *Forman v. Brooks,* 9 Pick. [Mass.] 242; 13 Am. & Eng. Ency. Law [1 Ed.], pp. 675, 676; notes, 1, 2, 3, pp. 675, 676; note 1, pp. 676, 677 and note 2, p. 677; 12 Am. & Eng. Ency. Law [1 Ed.], pp. 570, 571, note 1, 571; *Taylor v. Holms,* 14 Fed. Rep. 408-508; *Mathews v. Simmons,* 49 Ark. 468; *Newson v. Carson, Bartholomew Co.,* 103 Ind. 526; *Churchman v. Indianapolis,* 110 Ind. 259; *Helm v. Rogers,* 81 Ky. 568; *Sanford v. Lancaster,* 81 Me. 434.)

If the laches of the plaintiff and the staleness of his claims is apparent from the pleadings, objection may be taken by way of demurrer. (*Landsdale v. Smith,* 106 U. S. 392; *Spiedel v. Henrici,* 120 U. S. 377; *Sullivan v. Portland R. Co.,* 94 U. S. 811; *Maxwell v. Kennedy,* 8 How. [U. S.] 210; *Solomon v. Solomon,* 81 Ala. 505; *Furlong v. Riley,* 103 Ill. 628; *Williams v. First Pres. Society,* 1 Ohio St. 478.)

The court usually adopts, in cases to which the statute of limitations does not strictly apply, a period within which its aid must be sought, similar to that prescribed in analogous cases at law. (*Kirby v. Lake Shore & M. S. R. Co.,* 120 U. S. 130; *Hall v. Russell,* 3 Saw. [U. S.] 506; *Manning v. Haydon,* 5 Saw. [U. S.] 379; *Gist v. Packwood,* 39 Fed. Rep. 525; *Chapman v. Wilson,* 4 Wood. [U. S.] 30; *Gillett v. Wiley,* 126 Ill. 310; 86 Ill. 445.)

After the bar of the statute has barred the debt, or he is guilty of gross laches, the interest of the creditor to fabricate evidence is strong enough to overcome any presumption that might otherwise arise from an endorsement made, or payment said to have been received by him. (*Wilson v. Pryor,* 44 Ark. 532; *Sorrell v. Craig,* 15 Ala. 789; *Connelly v. Pierson,* 9 Ill. 108; *McMaster v. Martin,* 4 La. Ann. 418;

*Clapp v. Ingersoll,* 11 Me. 83; *Roseboom v. Billington,* 17 *Johns* [N. Y.] 182; *Mills v. Davis,* 113 N. Y. 243; *Gibson v. Publies,* 2 McCard [S. Car.] 418; *Wilcox v. Pearman,* 9 Leigh [Va.] 144.)

### STATEMENT OF FACTS.

Plaintiff brought this action to recover from defendant the sum of $4,800, and interest thereon from August 21, 1881. The complaint in substance alleges: (1) That on the 2d day of August, 1881, the plaintiff was the owner of and possessed of $4,800, lawful money of the United States. (2) That on said date, at Salt Lake City, Utah, the defendant received from plaintiff, in trust for the plaintiff, the said money for the special purpose of paying some of said money to satisfy the debts of the plaintiff, and for the purpose of safély keeping the remainder of said money and returning same to plaintiff upon demand. (3) That said defendant has failed to pay any part of said money to satisfy the debts of the plaintiff. (4) That defendant during all the times mentioned in said complaint has mingled said money with his own, and during all of said time since receiving the same used said money in his own private business. (5) That on the 20th day of December, 1900, at Salt Lake City, Utah, the plaintiff demanded of defendant an accounting and return of said money, and the defendant then and there refused to account to plaintiff and ever since has and now refuses to account to plaintiff, except the sum of $25, which said sum has been paid in small payments at various times; the last payment being made on the ——— day of June, 1904. (6) A prayer for an accounting and judgment. Defendant filed a demurrer to plaintiff's complaint and alleged as grounds of demurrer, first, that said complaint does not state facts sufficient to constitute a cause of action; second, "that said cause of action is barred by subdivision 3 section 2877, and by section 2883, of the Revised Statutes of Utah, 1898;" third, want of equity in plaintiff's complaint; fourth, a bar by subdivision 3 section 3144, and section 3150, of the Compiled Laws of Utah, 1888; and, fifth, that plaintiff's complaint is ambiguous, unintelligible, and uncertain, in that it seeks for equitable relief without stating facts as a basis for such relief, and that the

action is barred by reason of laches. The demurrer was sustained and a judgment entered in favor of the defendant, and the case dismissed. To reverse this judgment, plaintiff has appealed to this court.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

As stated by counsel for appellant in their brief, the important question presented by this appeal is, "has the statute of limitation run, or is appellant guilty of laches," and did the court err in sustaining respondent's demurrer on these grounds ? Appellant contends that the facts alleged in the complaint, which, for the purpose of determining the sufficiency of the complaint, the demurrer admits to be true, show that the money alleged to have been delivered by him to defendant constituted a trust fund of an express and continuing trust, and that the relation of trustee and *cestui que trust* was thereby created between them, and he now seeks to invoke the rule that takes such cases out of the operation of the statute of limitations. We are of the opinion, however, that the facts alleged in the complaint entirely fail to show any such relation. The gist of the complaint, when stripped of all redundant matter, is that on the 2d day of August, 1881, at Salt Lake City, Utah, plaintiff delivered to defendant $4,800 "for the special purpose of paying some of said money to satisfy the debts of plaintiff and for the purpose of keeping the remainder and returning the same to plaintiff on demand;" that defendant failed and neglected to pay any of plaintiff's debts, but mingled said money with his own and used it in his own private business; that nearly twenty years thereafter (December 20, 1900) plaintiff demanded a return of said fund, and that defendant refused to return it or any part thereof, except the sum of $25, which was paid in small payments, the last payment being made in June, 1904. This complaint, in effect, alleges conversion of the money by defendant, and the facts therein stated utterly fail to bring the case within the domain of equity, as the elements necessary to create the relation of trustee and *cestui que trust* are not shown to exist. True plaintiff in his complaint designates the money he seeks to recover as a trust fund, but this, however, is only the conclusion of the pleader. The relations of the parties to each other, because of and which grew out of the

transaction in question, must be determined by the facts, what they did in the premises, and not by what plaintiff chooses to label or call it in his pleading.

"The mere delivery of property or money to one to be held until the performance of an act by another, whereupon it is to be paid over to such person, otherwise to be returned, does not, independent of the equitable circumstances, necessarily create a trust of which equity has jurisdiction, but, on the contrary, the remedy is by action at law." (22 Enc. Pl. & Pr. 16.)

And on page 15 of this same volume it is said:

"Courts of equity will not assume jurisdiction to establish or enforce trusts in every case where confidence has been reposed or confidence given."

Even though we should treat this as a suit in equity, it would not take the case out of the operation of the statute of limitations; for the authorities uniformly hold that in cases where law and equity have concurrent jurisdiction lapse of time covering the period of the statute of limitations is a complete bar to a recovery in such cases, and that the only cases not affected by the statute are those over which equity has exclusive jurisdiction.

"It is obvious that a person cannot by declaring a trust change the character of his obligation so as to affect the operation of the statute of limitations." (Buswell, Lim. and Adv. Poss., 327; 2 Beach on Trusts and Trustees, 668; Wood on Limitations (3 Ed.), 58, and numerous cases cited in note; 18 Am. & Eng. Enc. L. (2 Ed.), 155, 156; cases cited in note.)

Further discussion or citation of authorities on this branch of the case seems unnecessary, as it is plain the case does not belong to that class over which equity exercises exclusive jurisdiction.

Appellant contends, however, that the payment alleged to have been made by respondent in June, 1904, takes the case entirely out of the statute of limitations, and, in support of this contention, cites section 2898, Revised Statutes Utah, 1898, which, so far as material in this case, provides that

"In any case founded on contract, when any part of the principal or interest shall have been paid . . . an action may be brought in such case within the period prescribed for the same after such payment."

When the foregoing provisions of the statute went into effect, the claim sued on had been barred for a period of more than twelve years by the provisions of chapter 3. Code Civ. Proc. (2 Comp. Laws 1888, p. 224, tit. 2), referred to and relied on as a bar by defendant in his demurrer. And section 2900, Revised Statutes 1898, which is a part of the same chapter as section 2898, supra, provides as follows:

"This chapter does not extend to actions already commenced nor to cases where the time prescribed in any existing statute for acquiring a right of barring a remedy has fully run."

It will be seen that this section of the statutes expressly exempts causes of action against which the statute of limitations has "fully run" from the operation of section 2898, relied on by appellant, and by virtue of which he claims his cause of action was revived when the alleged partial payments referred to were made. It therefore follows the plea in bar of the statute of limitations must prevail.

The judgment of the district court is affirmed, with costs.

STRAUP, J., concurs; BARTCH, C. J., dissents.