[Civ. No. 5472. First Appellate District, Division One.—December 21, 1926.]

EUSTACE CULLINAN et al., Respondents, v. MERCAN-TILE TRUST COMPANY OF CALIFORNIA (a Corporation), Trustee, et al., Defendants; ADELAIDE Mc-COLGAN, as Administratrix, etc., et al., Appellants.

[1] PLEADING — PRINCIPAL AND AGENT — GENERAL ALLEGATIONS OF AGENCY—TRUSTEES.—While a general allegation of agency is sufficient, it is the general rule that an allegation that one is a trustee is but a conclusion of law.

[2] ID.—OBJECTIONS TO COMPLAINT — AMBIGUITIES — UNCERTAINTY— CONCLUSIONS OF LAW—DEMURRERS.—An objection that the complaint is ambiguous or uncertain, or that essential facts appear only inferentially or as a conclusion of law by way of recital, must be raised by special demurrer and cannot be urged on a general demurrer.

[3] TRUSTS — ATTORNEY AT LAW — AUTHORITY OF TRUSTEE TO EM-PLOY—ATTORNEY'S FEES—PLEADING—ADMISSIONS—FINDINGS.—In an action by attorneys at law to establish the reasonable value of services rendered for the benefit of a trust estate, a finding

2. See 21 Cal. Jur. 102, 104.

by the trial court that the person employing plaintiffs acted as trustee was not without the issues and unauthorized, where plaintiffs' allegation of agency and trusteeship was not objected to either by demurrer or at the trial, and plaintiffs' opening statement that the trusteeship was admitted was not denied by defendants and in the subsequent proceedings the court and counsel for plaintiffs acted upon defendants' tacit admission of the truth of such allegation.

[4] ESTOPPEL — ADMISSIONS — FACT—CONCLUSIONS OF LAW.—An admission must be one of fact and not of a conclusion of law; but a party may, where an admission has induced the opposite party to assume a position he would not have assumed had the admission not been made, be estopped from afterward denying it.

[5] TRIAL—CONDUCT OF CAUSE—ADMISSIONS—INFERENCES.—Where a cause is so conducted that the court and counsel may rightly and do infer that certain facts are conceded or admitted, the court may treat such facts as admitted.

[6] TRUSTS—PRESERVATION OF TRUST PROPERTY—DUTY OF TRUSTEE—AGENCY.—It is the duty of a trustee to preserve and protect the property of the trust for which he is the general agent, and, under section 2267 of the Civil Code, his acts within the scope of his authority bind the trust property to the same extent as the acts of an agent bind his principal.

[7] ID.—EMPLOYMENT OF ATTORNEYS—AUTHORITY OF TRUSTEE—EVIDENCE—INFERENCES.—In an action by attorneys at law to recover fees for services rendered a trust estate, where the trust relation was admitted, and the employment of plaintiffs was shown to have been necessary to protect and preserve the trust fund as in cases of ordinary agency, it may reasonably be inferred, in the absence of evidence to the contrary, that the trustee acted within his authority.

[8] ID. — PAYMENT OF ATTORNEY'S FEES — LIABILITY OF TRUSTEE — TRUST FUNDS.—Attorneys employed by a trustee must, as a rule, look to the trustee for payment and not to the trust fund, but when a trustee, authorized to make expenditures for the protection or safety of the trust estate, is without funds of the estate in his possession and is unwilling to make himself liable therefor, he may by agreement require those rendering the services to look solely to the trust estate.

[9] ID.—LEGAL SERVICES—RENDERED FOR BENEFIT OF TRUST ESTATE—PAYMENT—ACTIONS—EQUITY.—An action to establish the equitable right to charge a trust estate with the reasonable value of

4.   See 10 Cal. Jur. 1063.
6.   See 25 Cal. Jur. 340; 26 R. C. L. 1281.
8.   See 26 R. C. L. 1318.

legal services rendered for its benefit can be maintained, although payment is not yet due.

[10] ID. — DECREE IN EQUITY — EFFECT UPON PARTIES — ACTION FOR LEGAL SERVICES BROUGHT BEFORE PAYMENT WAS DUE.—Although it is the general rule that a decree in equity operates upon the parties and subject matter as they stood at the commencement of the action, it might require payment in a suit against a trust estate for legal services brought before payment was due, but part of which became due during the pendency of the action.

[11] ID.—ELECTION OF REMEDIES—WAIVER.—The fact that attorneys for a trust estate sought recovery for legal services from the trustee's estate did not amount to an election to waive their equitable rights to a recovery from the trust fund, where recovery could not be had from the trustee's estate and the trustee or beneficiaries were not prejudiced thereby.

[12] APPEAL—OMITTED FINDINGS — SPECIAL ISSUES. —Where findings on special issues would have been adverse to appellants their omission is not ground for reversal.

---

(1) 2 C. J., p. 906, n. 88; 31 Cyc., p. 52, n. 75, p. 65, n. 42 New; 39 Cyc., p. 620, n. 47.   (2) 31 Cyc., p. 281, n. 6, 15, p. 282, n. 17. (3) 3 C. J., p. 725, n. 84, p. 735, n. 54; 38 Cyc., p. 1970, n. 7, p. 1973, n. 15.   (4) 21 C. J., p. 1147, n. 57, 66.   (5) 38 Cyc., p. 1973, n. 19 New.   (6) 39 Cyc., p. 327, n. 72, p. 333, n. 3.   (7) 2 C. J., p. 921, n. 67; 39 Cyc., p. 459, n. 42, p. 460, n. 45.   (8) 6 C. J., p. 734, n. 2, 7 New.   (9) 21 C. J., p. 663, n. 88, 89, 90; 39 Cyc., p. 449, n. 60 New.   (10) 21 C. J., p. 663, n. 88, 89, 90; 39 Cyc., p. 461, n. 55 New. (11) 20 C. J., p. 23, n. 46.   (12) 4 C. J., p. 1060, n. 12.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harrison & Harrison and L. P. Forestell for Appellants.

Eustace Cullinan, Julian D. Cohn and W. T. Sweigert for Respondents.

Morrison, Dunne & Brobeck, Dunne, Brobeck, Phleger & Harrison and Glensor, Clewe & Van Dine for Defendants.

---

12.  See 24 Cal. Jur. 944.

CASHIN, J.—An action by respondents to establish the reasonable value of services rendered for the benefit of a trust estate, to charge the amount thereon, and for a decree directing payment from the trust funds.

On or about May 24, 1916, Daniel A. McColgan, a money broker, with whom appellant Reginald McColgan was in partnership, loaned to California Motion Picture Corporation the sum of $26,000, the aggregate of various sums advanced by himself, the partnership mentioned, and George L. Crabtree, Reginald Bell, C. H. Williams, and Nellie McM. Donovan. The loan was evidenced by promissory notes executed by the corporation to the persons mentioned in the several amounts advanced by them with the exception of the sum advanced by the partnership, which was included in a promissory note payable to Daniel A. McColgan. Each note was indorsed by Herbert A. Payne and Clarence Payne as guarantors. During the same and the following year further loans aggregating the sum of $12,165.98 were made by McColgan to the corporation and to the guarantors mentioned, who were interested in the corporation, all from his individual funds and those of the partnership with the exception of the sum of $2,500 advanced by Thomas W. Hickey and which was held in trust by McColgan for that purpose. The latter loans, with the exception of a small amount, were also evidenced by promissory notes payable to McColgan, who subsequently assigned to Thomas W. Hickey an interest in one of these to the extent of the sum advanced by him. On January 2, 1918, no part of the loans having been paid, respondents, who are attorneys at law, were employed to collect, and subsequently as the result of their efforts and with the assent of McColgan a bond in the sum of $41,829.65, the aggregate of the sums then unpaid, less certain deductions agreed to by McColgan, with a mortgage on real property in the city of New York securing the same, were executed by a corporation known as the "383 Park Avenue Corporation," to Daniel A. McColgan for his benefit and as trustee for the partnership and the others interested in the loans. The instruments last mentioned were dated April 5, 1919, the bond bearing interest at the rate of six per cent per annum and being payable on April 5, 1924. Subsequently C. H. Williams, one of the beneficiaries, as-

signed to appellant Mary C. Williams his interest in the fund. Daniel A. McColgan died on May 12, 1921, whereupon an action was brought by Reginald Bell, Thomas W. Hickey and Nellie McM. Donovan against Adelaide McColgan as administratrix of his estate, George L. Crabtree and Mary C. Williams, two of the beneficiaries mentioned, being joined as defendants, in which action it was adjudged that the instruments last mentioned were held by the deceased in trust as above stated, and the Mercantile Trust Company of California, a corporation, was appointed to succeed the deceased as such trustee, to which, pursuant to the decree, the bond and mortgage were transferred by the administratrix.

It appears from the evidence without contradiction that between the date of the employment of respondents and the death of Daniel A. McColgan payments on the principal and as interest on the loans aggregating the sum of $12,933.08 were made to the latter, and that between May 8, 1923, and May 23, 1924, the total amount of the unpaid portion of the loans represented by the bond and mortgage, with interest, aggregating the sum of $39,856.67, was received by Mercantile Trust Company of California as trustee.

The complaint alleged that the plaintiffs were employed to collect the unpaid amounts of the notes from the makers and guarantors thereof and the stockholders of the motion picture corporation; that they were to be paid the reasonable value of their services in the event of the success of their efforts, and then only from the amount recovered, it being further alleged that "in making said loans and in so employing Eustace Cullinan and Thomas W. Hickey as attorneys at law as aforesaid, and in and about all the transactions herein said Daniel A. McColgan acted for himself and also as agent of and trustee for said Reginald Bell, Nellie McM. Donovan, George L. Crabtree, C. H. Williams, Reginald McColgan and Thomas W. Hickey, hereinafter called the beneficiaries, and he had authority from said beneficiaries so to act. Plaintiffs are informed and believe and on such information and belief allege that said Daniel A. McColgan so acted with the knowledge and express consent of said beneficiaries"; and that the Mercantile Trust Company was about to distribute the fund without reserving sufficient to pay or paying the claim of respondents, con-

cluding with a prayer for an order directing such payment from the fund and that distribution be enjoined pending compliance with the order.

Appellants denied the allegations of the complaint as to the reasonable value of the services, that McColgan agreed to pay therefor from the sum collected, or that any services were rendered after December 5, 1918, and denied that McColgan had express authority of appellants to employ respondents or that he acted with their knowledge or express assent. Subsequently appellants, by permission of the court, amended their answer by denying the authority of McColgan to act and that he acted with their assent.

Defendants Mercantile Trust Company of California, as trustee, and Reginald Bell with Nellie McM. Donovan answered separately, denying the allegations of the complaint, but did not appeal from the judgment.

The appellants, viz., Adelaide McColgan, as administratrix, George L. Crabtree, Mary C. Williams, and Reginald McColgan, joined in an answer containing the denials above mentioned, and, as special defenses, alleging that respondents filed against the estate of the deceased a claim for the value of their services, and by so doing they elected to enforce the personal obligation of McColgan and waived any right against the fund, further alleging the action to be barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

The findings were in accordance with the allegations of the complaint, no findings being made on the special defenses, and judgment was entered thereon against all the defendants, fixing the reasonable value of the services rendered and adjudging that such sum be paid "only out of any money that is in the possession or shall hereafter come into the possession of defendant Mercantile Trust Company of California as trustee" under the trust mentioned, and directing payment to be made by the latter therefrom, the trustee being restrained from dividing the fund without reserving sufficient therefrom to pay the claim, with interest and costs.

Appellants present their appeal on the judgment-roll with a bill of exceptions, urging as grounds for reversal the failure to find on the special defenses, and the insufficiency of the evidence to sustain certain findings, in particular as to the value of the services, the finding that McColgan

employed defendants on behalf of the persons referred to in the complaint as the beneficiaries, that in making the loans and in employing respondents he "acted for himself and also as agent and trustee," and that services were rendered after the execution of the bond and mortgage.

The evidence sufficiently shows that the services in question commenced immediately after the employment, and were diligently and effectively performed; and while the major portion thereof were rendered during the period immediately preceding the execution of the bond and mortgage it appears that McColgan continued thereafter to seek and obtain the advice of respondents in this and other matters until December, 1920. In view of the evidence the conclusion of the trial court as to the period covered by the services, with the exception of the finding that services were rendered between the above date and April 18, 1921, and their value is reasonably supported and cannot be disturbed. As stated, the allegation that McColgan in making the loans and employing respondents acted as the agent and trustee for the persons named was not denied. [1] While a general allegation of agency is sufficient (2 Cor. Jur., p. 906, Agency, 611; *Kjerschow* v. *Daggs,* 24 Ariz. 207 [207 Pac. 1089]; *Cochram* v. *Goodman,* 3 Cal. 244), it is the general rule that an allegation that one is a trustee is but a conclusion of law (39 Cyc., Trusts, p. 620, 12 Ency. of Pl. & Pr., Legal Conclusions, p. 1022; *Francis* v. *Gisborn,* 30 Utah, 67 [83 Pac. 571]; *Bartholomew* v. *Guthrie,* 71 Kan. 705 [81 Pac. 491, 493]), and appellants contend that no issue was tendered thereby, and that as a consequence the finding of its truth was not only without the issues, but unsupported by evidence sufficient to sustain the conclusion that McColgan at the time the contract of employment was made was a trustee in the strict and accurate sense of the term, or more than a mere agent as admitted by the pleadings. [2] It has been held that an objection that the complaint is ambiguous or uncertain, or that essential facts appear only inferentially or as a conclusion of law or by way of recital, must be raised by special demurrer and cannot be urged on a general demurrer (*Santa Barbara* v. *Eldred,* 108 Cal. 294 [41 Pac. 410]; *Burke* v. *Dittus,* 8 Cal. App. 175 [96 Pac. 330]; *Green* v. *Darling,* 73 Cal. App. 700 [239 Pac. 70]; *Smith* v. *Peters,* 46 Cal. App. 47 [188 Pac. 811]).

[3] In the instant case not only was no specific objection made to the insufficiency of the allegation either by demurrer or at the trial, but respondents, as part of their opening statement, read the material parts of the pleadings, stating with reference to the allegation mentioned as follows: "It is admitted that in making said loans and employing Eustace Cullinan and Thomas W. Hickey said Daniel A. McColgan acted for himself and also as agent and trustee for these other persons whose money Daniel A. McColgan had loaned. That it is admitted, that he acted as trustee and agent," to which counsel for appellants made no reply. It is clear from the record that in the subsequent proceedings the court and counsel for respondents acted upon appellants' tacit admission of the truth of these allegations and that the finding of the court was based thereon. [4] It is the rule that an admission must be one of fact and not of a conclusion of law (Chamberlayne on Evidence, sec. 1293), yet a party may, where an admission has induced the opposite party to assume a position he would not have assumed had the admission not been made, be estopped from afterward denying it. (*People* v. *Pittsburgh, Fort Wayne & C. Co.,* 244 Ill. 166 [91 N. E. 48].) [5] Where a cause is so conducted that the court and counsel may rightly and do infer that certain facts are conceded or admitted the court may so treat them (*Godwin* v. *State,* 1 Boyce (Del.), 173, [Ann. Cas. 1913E, 940, 74 Atl. 1101, 1103]; *Pratt* v. *Conway,* 148 Mo. 291 [71 Am. St. Rep. 602, 49 S. W. 1028]). As was said in *Slaughter* v. *Goldberg, Bowen Co.,* 26 Cal. App. 318 [146 Pac. 90]: "It seems to us that the reformed procedure would receive a decided check if a defendant should be permitted to stand by without objection, allow an issue to be tried as if properly presented by the pleadings, and on appeal escape the consequences by claiming that the complaint failed to present such issue." While the admitted allegations of the complaint that certain of the notes executed by the motion picture corporation were made payable to the individuals who advanced portions of the sums loaned tend to negate the conclusion that McColgan was thereafter until the execution of the bond and mortgage a trustee in the strict sense, yet it does not appear but that as the result of the transactions between these parties immediately preceding the employment of respondents such

relation was created. The authority of the trustee to con-
tract for the services was denied by appellants' amended
pleading, and its extent, which depended upon facts pecu-
liarly within the knowledge of the latter, was not directly
shown. **[6]** It is, however, the duty of a trustee to pre-
serve and protect the property of the trust (26 R. C. L.,
Trusts, p. 1281, sec. 131), for which he is the general agent,
and his acts within the scope of his authority bind the trust
property to the same extent as the acts of an agent bind his
principal (Civ. Code, sec. 2267). **[7]** The trust relation
being admitted, and the act being shown to have been
reasonably necessary to protect and preserve the fund as
in cases of ordinary agency (*Leake* v. *Sutherland,* 25
Ark. 219; *C. E. Parkes Grain Co.* v. *Townsend* (Tex. Civ.
App.), 267 S. W. 1011; *Nebraska B. & S. L. Co.* v. *Conway,*
127 Iowa, 237 [103 N. W. 122]; 2 Cor. Jur., p. 921, Agency,
sec. 652), it may reasonably be inferred, in the absence of
proof to the contrary, that the trustee acted within his
authority.

**[8]** As a rule, an attorney employed by a trustee must
look to the trustee for payment, and can have no claim on
the trust fund (6 Cor. Jur., p. 734, Attorney and Client, sec.
306), but to this rule there is a well-recognized exception.
When a trustee, authorized to make expenditures for the
protection or safety of the trust estate, is without funds of
the estate in his possession and is unwilling to make him-
self liable therefor he may by agreement require those
rendering the services to look solely to the trust estate (26
R. C. L., p. 1318, Trusts, sec. 176; *Hall* v. *Jameson,* 151 Cal.
606 [121 Am. St. Rep. 137, 12 L. R. A. (N. S.) 1190, 91 Pac.
518]), and when facts creating the exception appear the
creditor may proceed in equity for the satisfaction of his
claim out of the trust estate (*New* v. *Nichol,* 73 N. Y. 127
[29 Am. Rep. 111]; *Jessup* v. *Smith,* 223 N. Y. 203 [119
N. E. 403]; *Wells-Stone Mercantile Co.* v. *Grover,* 7 N. D.
460 [41 L. R. A. 252, 75 N. W. 911]; *Gill* v. *Carmine,* 55
Md. 339; *Wadsworth-Howland Co.* v. *Arnold,* 24 R. I. 32
[51 Atl. 1041]; *Mason* v. *Pomeroy,* 151 Mass. 164 [7
L. R. A. 771, 24 N. E. 202]; *Frost* v. *Thompson,* 219 Mass.
360 [106 N. E. 1009]; *King* v. *Stowell,* 211 Mass. 246 [98
N. E. 91]; Pomeroy's Equity Jurisprudence, 4th ed., sec.

1085). Whether the creditor's right to obtain satisfaction from the trust estate depends upon the trustee's right to indemnity, and hence upon the state of the account between the latter and the trust fund, or, irrespective of such right, upon the principle that a trust estate should pay for the benefit conferred thereon by the creditor, it is unnecessary to decide, as no suggestion is made that McColgan was in default under the terms of the trust agreement and the finding as to the reasonable value of the services is fully supported by the evidence.

[9, 10] It is further contended that if respondents' right to sue accrued before the death of McColgan the action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and that if the obligation was to pay when the whole fund had been collected by the trustee then no cause of action existed at the time the complaint was filed. It is clear from the allegations of the complaint and the testimony that the agreement was to pay from the trust estate when the fund represented by the notes should be paid to the trustee, and the right to relief was not barred by the statute mentioned. The complaint was filed on May 12, 1923, alleging that the trustee was about to collect the balance unpaid under the bond and mortgage and disburse the trust fund to the beneficiaries, which distribution respondents sought to enjoin; and it appears that the collection was made in full on May 23, 1924. An action to establish the equitable right to charge the trust estate with the reasonable value of services rendered for its benefit could be maintained (*Jessup* v. *Smith, supra; Strong* v. *Dutcher,* 186 App. Div. 307 [174 N. Y. Supp. 352]), though payment was not yet due (*Mason* v. *Pomeroy, supra*), and, although it is the general rule that a decree in equity operates upon the parties and subject matter as they stood at the commencement of the action, as was said by Mr. Justice Henshaw in *Southern Pacific R. R. Co.* v. *Allen,* 5 Cal. Unrep. 51 [40 Pac. 752], "it does so to subserve the ends of justice. When a change in the status has been brought about by lapse of time under the very terms of the agreement, and knowledge of this change is, as here, judicially before the court or is brought by appropriate pleading the decree should be addressed to

the rights existing not at the commencement, but at the determination of the action" (21 Cor. Jur., p. 663, Equity, sec. 846).

In view of our conclusion that by agreement the claim was not due until the loans had been paid, a finding on the defense of the statute of limitations would necessarily have been against appellants.

[11] The second defense presented the question of the effect of the claim filed against the estate as a waiver of the right to charge the trust fund. The agreement that Mr. McColgan should incur no personal liability prevented a recovery from his estate; and the fact that respondents were mistaken in this respect would not prevent them from subsequently availing themselves of the remedy to which they were entitled under the facts of the case (*McGibbon* v. *Schmidt,* 172 Cal. 70 [155 Pac. 460]; *Snow* v. *Alley,* 156 Mass. 193 [30 N. E. 691, 692]; *Doucette* v. *Baldwin,* 194 Mass. 131 [80 N. E. 444]; *Herdan* v. *Hanson,* 182 Cal. 539 [189 Pac. 440]). As said in *Mansfield* v. *Pickwick Stages,* 191 Cal. 130 [215 Pac. 389], "the doctrine of election as applied to a choice of remedies, which precludes a party from claiming repugnant rights, is but an extension of the general principle of equitable estoppel, and proceeds upon a like theory—that the inconsistent attitude of the party will put his adversary to some disadvantage—under well-settled principles of the doctrine of estoppel the disadvantage here referred to must be a real injury such as would in law amount to a fraud upon the party invoking the estoppel." It not being contended that the claim was acted upon by the administratrix, that proceedings were had to establish it, or that the trustee or beneficiaries were prejudiced thereby, its filing did not constitute an election to waive equitable rights in the trust fund (*De Lavel Pacific Co.* v. *United C. & D. Co.,* 65 Cal. App. 584 [224 Pac. 766]).

[12] It appearing that findings on the special defenses would have been adverse to appellants, this omission is not ground for reversal (*United States Trading Corp.* v. *Newmark Grain Co.,* 56 Cal. App. 176 [205 Pac. 29]; *Lincoln* v. *Hoggard,* 66 Cal. App. 197 [225 Pac. 770]).

The trial court had jurisdiction both of the trust estate and of the cause, and no abuse of its discretion or error in its proceedings being shown, the judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1927, and a petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on February 17, 1927.